[L. A. No. 487.    Department One.—July 7, 1899.]

THOMAS M. CLARK, Appellant, v. **CHARLES W. ALLEN;** Respondent.

COMPENSATION OF BROKER—EXCHANGE OF LANDS—BRINGING PARTIES TOGETHER—DOUBLE EMPLOYMENT.—A broker will not be allowed to act as agent of both parties, to a contract for the sale and purchase of real estate, and an agreement for compensation from both of them will not be recognized by the courts; but this rule has no application where the broker does not act as an agent, or represent conflicting interests, but acts merely as a

middleman to bring the parties to an exchange of lands together, and has nothing whatever to do with the trade between them. In such case, there is nothing in the relation of the parties to render the broker obnoxious to the charge of double employment; and he may receive compensation from both of the parties, if both agree to pay him.

ID.—QUESTION OF FACT—CONFLICTING EVIDENCE—ORDER GRANTING NEW TRIAL.—The question whether the broker was merely a middleman, or was an agent of both parties, is one of fact to be determined by the trial court; and where there is conflicting evidence, from which the court might find either way, an order granting a new trial after rendering judgment in favor of the claim of the broker for compensation from one party, after having received compensation from the other party, if the new trial appears to have been granted for insufficiency of the evidence, will not be disturbed upon appeal.

ID.—PLEADING—CONTRACT TO MAKE A "DEAL"—PROCUREMENT OF PURCHASER—VARIANCE.—A complaint alleging that under a contract with the defendant to make a "deal" for him respecting a certain piece of property, the plaintiffs procured a purchaser able and willing to purchase the land, is not at material variance with proof showing an exchange of lands, rather than a purchase, especially where the evidence of the exchange was received without objection.

APPEAL from an order of the Superior Court of San Bernardino County, granting a new trial. George E. Otis, Judge.

The facts are stated in the opinion of the court.

Earl A. Rogers, and B. E. Vickrey, for Appellant.

Under the evidence, the brokers had nothing whatever to do with the terms of the sale or exchange, but merely undertook to bring the parties together for a deal between them. In such case, compensation from one party is no defense against a claim of compensation from the other. (*Green v. Robertson,* 64 Cal. 75, 76; *Mullen v. Keetzleb,* 7 Bush, 253; *Rupp v. Sampson,* 16 Gray, 398; 77 Am. Dec. 416; *Childs v. Ptomey,* 17 Mont. 502; *Finnerty v. Fritz,* 5 Colo. 176; *Anderson v. Weiser,* 24 Iowa, 430; *Montross v. Eddy,* 94 Mich. 100; 34 Am. St. Rep. 323; *Ranney v. Donovan,* 78 Mich. 318; *Knauss v. Krueger Brewing Co.,* 142 N. Y. 70; *Manders v. Craft,* 3 Colo. App. 236; *Stewart v. Mather,* 32 Wis. 344-55; *Alexander v. Northwestern etc. University,* 57 Ind. 466-78; *Orton v. Scofield,* 61 Wis. 382; *Pollatschek v. Goodwin,* 40 N. Y. Supp. 682-85; 17 Misc. Rep. 587.)

E. R. Annable, and H. Conner, for Respondent.

The brokers were employed to make a "deal," and they became agents for both parties. "The claim to charge commissions for both parties is so unreasonable, that it cannot be justified by any custom or usage." (*Lynch v. Fallon*, 11 R. I. 311; 23 Am. Rep. 458; *Raisin v. Clark*, 41 Md. 158; 20 Am. Rep. 66; *Farnsworth v. Hemmer*, 1 Allen, 494; 79 Am. Dec. 756; *Walker v. Osgood*, 98 Mass. 348; 98 Am. Dec. 168; *Everhart v. Searle*, 71 Pa. St. 256; *Morison v. Thompson*, L. R. 9 Q. B. 480; *Carman v. Beach*, 63 N. Y. 97; *Bell v. McConnell*, 37 Ohio St. 396; 41 Am. Rep. 528; *Scribner v. Collar*, 40 Mich. 375; 29 Am. Rep. 541.)

GAROUTTE, J.—This action is brought to recover commissions for an exchange of real estate. Judgment went for plaintiff, and a new trial was granted upon motion of defendant. The appeal is prosecuted by plaintiff from the order granting a new trial.

For a defense to the action it is claimed that plaintiff's assignors, the brokers, received compensation for their services from the other party to the trade without his (defendant's) knowledge, and for that reason he now insists that the brokers are barred from recovering any compensation from him. In other words, it is claimed that the law will not allow the brokers to act as the agent of both parties, and a contract of that kind for compensation will not be recognized by the courts. As a general principle, this contention is sound, but there are circumstances where a party may act for two persons and charge compensation from both for his services. If the duty of the broker is simply to bring together two men who desire to exchange their lands, and the broker's entire duty is performed when he has brought the two men together, then we see nothing against good morals and a sound public policy in allowing compensation to the broker from each of the parties. In such a case, the broker is in no sense representing conflicting interests. He has nothing whatever to do with the trade. Under the contract his advice and assistance to either party is not called for. Upon the state of facts here assumed, the broker may be termed a middleman and not an agent in the strict sense of the term.

In speaking to such a state of facts the court said, in *Manders v. Craft*, 3 Colo. App. 239: "In this case there was technically no purchase or sale; no money passed. It was an exchange of one kind of real estate for another. With the prices, details, and trade the agent had nothing to do, and the arrangement was that he should not have. His sole action and employment terminated with bringing the parties together, which he did. The trade was made by the parties, consequently the agent is not obnoxious to the charge of double employment under the law. There was nothing in the relation of the agent to either to prevent compensation from both if both agreed to pay."

In *Green v. Robertson*, 64 Cal. 76, this court said: "The matters set up in the answer as to the employment of plaintiff by Tucker do not constitute a defense. The plaintiff made no bargain for the sale of the property; he was not authorized to make a bargain; he undertook to bring the buyer and seller together, and he did so; they made their own bargain; and after plaintiff had rendered his services and brought them together, and after they had made their bargain, the defendant executed the instrument in suit."

If the broker here was merely a middleman, as in the cases above cited, the defendant could not defeat plaintiff's cause of action upon the ground that the other party to the exchange of property had paid him a fee for the services rendered. This question was essentially one of fact and one upon which the trial court found in favor of plaintiff. Yet while the evidence was ample to support such a finding, there was some evidence to the contrary—possibly sufficient evidence to justify a finding the other way if one had been made. The new trial appears to have been granted upon the ground of the insufficiency of the evidence to support the findings, and where the evidence is at all conflicting we cannot disturb the order which grants a new trial. For these reasons the order appealed from must be affirmed.

By the broker's contract with the defendant in this case they were employed to made a "deal" for him respecting a certain piece of property. By plaintiff's complaint he alleged that under this contract the brokers procured a purchaser able and willing to purchase the land. Under the contract and under

this allegation of the complaint evidence was introduced showing an exchange of land rather than a purchase. We do not deem such evidence at variance either with the terms of the contract or with the allegations of the complaint. An employment to find a purchaser and an allegation that a purchaser was found is satisfied by evidence that a party was found with whom the contracting party exchanged lands. Especially should that be held in this case, where all the evidence introduced tending to show an exchange of lands was offered and received without objection.

For the foregoing reasons the order appealed from is affirmed.

Harrison, J., and Van Dyke, J., concurred.