(50 Misc. Rep. 164)

## GETZELSOHN v. DONNELLY.

### (Supreme Court, Appellate Term.   March 26, 1906.)

1. BROKERS—COMPENSATION—EMPLOYMENT—STATUTORY PROVISIONS—WRITTEN AUTHORIZATION.

In an action by a broker to recover commissions for finding of a purchaser for defendant's real estate, a letter from defendant to plaintiff, stating that in reference to a conversation with plaintiff in regard to the purchase of the property in question defendant desired to have plaintiff call and discuss the matter, was a sufficient written authority to offer the property for sale, in connection with evidence that plaintiff had already undertaken to find a purchaser, since the statute requiring a broker to show a written authorization does not require that the authority be in any specified form.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, § 44.]

2. SAME—EVIDENCE—SUFFICIENCY.

Where the owner of property positively refused to make a sale on any terms, it was unnecessary for his broker, who, under contract with the owner, had found a purchaser on the owner's terms, to actually bring the purchaser into the owner's presence in order to entitle him to recover his commissions.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, §§ 81, 94.]

O'Gorman, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Abraham Getzelsohn against Michael J. Donnelly. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Louis A. Jaffer (Bernard Edelhertz, of counsel), for appellant.

Carl Schurz Petrasch (Henry S. Mansfield, of counsel), for respondent.

SCOTT, P. J. In this action to recover a broker's commission upon the sale of real estate, the complaint was dismissed upon two grounds, viz., that the plaintiff had failed to show written authority to offer the property for sale, and that he had not produced a purchaser ready, willing, and able to comply with the terms demanded by defendant. It appears that plaintiff had approached defendant, saying that he had a possible purchaser, and asking the terms on which the property would be sold. He was given a price, and set about seeking a purchaser. He went back and forth between the parties, and the defendant finally gave as the lowest acceptable price the sum of $55,500. Up to this time no writing had passed between the parties, but on July 27, 1904, defendant wrote to plaintiff as follows:

"In reference to conversation had with you in regard to the purchase of the property 50 and 52 East 131st St., if you concede a few points which we did not then allude to, there may be a chance to close the deal; so, if you will call at my place between 6 and 7 o'clock tomorrow evening, will be pleased to hear of your best terms."

The plaintiff did call, and a conversation ensued, in which defendant said that he would not sell for less than $55,500 net, and that if he could get that price he would sell the houses. Plaintiff agreed to see what he could do, and then asked about his commission. Defendant

then told plaintiff to "try to see your party," and that, if he could get 1 per cent. above the $55,500, he (the defendant) would pay the commission. The defendant then, at plaintiff's request, wrote down on a piece of paper the terms of the sale so far as concerns the manner in which payments were to be made.

The statute relied upon as a defense to plaintiff's claim does not require that authority to sell should be in any specified form. All that is necessary is that it should in some way clearly recognize the authority of the broker to offer the property for sale. It is true that the letter above quoted does not in terms describe plaintiff as a broker, but, on the contrary, seems rather to address him as a possible purchaser. It does, however, clearly show that the defendant knew that plaintiff was interesting himself in some capacity in bringing about a sale of the houses, and distinctly invites him to call and discuss terms. The letter certainly must be accepted as an authorization to plaintiff to continue to act with reference to the property with a view to a sale of it. That the defendant knew that plaintiff was acting as a broker, and not as a prospective purchaser, is made entirely clear by the conversation testified to by plaintiff, and which on the present record stands uncontradicted. Assuming, as we must do on this appeal, that the plaintiff's testimony is true, we cannot say that the letter of July 27th was not a written authorization to plaintiff to continue the negotiations for a sale which he had with defendant's knowledge already undertaken.

The positive evidence was that plaintiff did procure a purchaser ready, willing, and able to purchase the houses on defendant's terms, and that he communicated that fact, with the name of the proposed purchaser, to defendant. That he did not actually bring the purchaser into the physical presence of the defendant is unimportant; for the defendant's positive and unequivocal refusal to go on with the sale at any terms rendered it unnecessary to go through the idle ceremony of actually bringing the purchaser in person to defendant, even if, under any circumstances, that would be necessary. Upon a nonsuit the plaintiff is entitled to the benefit of the most favorable view of the testimony, and, giving him that, we are constrained to reverse the judgment and order a new trial, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

NEWBURGER, J., concurs. O'GORMAN, J., dissents.