[Civ. No. 441.   Second Appellate District.—January 3, 1908.]

WILBUR F. HEDSTROM and VACY STEER HEDSTROM, Respondents, v. UNION TRUST COMPANY and C. LEONARDT, Appellants.

ACTION FOR DAMAGES BY LESSEES—FALL OF BUILDING INTO EXCAVATION—NEGLIGENT TRESPASS—AMENDMENT TO CONFORM TO PROOFS—CAUSE OF ACTION UNCHANGED.—In an action for damages by lessees for injury to their property and business from the fall of one side of the building leased into an excavation made by defendants on adjoining land, caused by their removal of shores and braces placed to support the wall and land by agreement between defendants and plaintiff's lessor, and by picking bricks out of the wall on plaintiff's land to make niches therein, to carry out the plans and specifications of a building to be erected on the adjoining land, an amendment to the complaint allowed to conform to the proofs without changing the cause of action, but merely to make the allegations more specific, each complaint being sufficient to sustain a finding of negligent trespass, committed by both defendants appealing, does not constitute such an amended pleading as defendants were entitled to demur to or answer as matter of right.

ID.—SHOWING REQUIRED FROM DEFENDANTS.—If defendants, by reason of such amendment, claim to be deprived thereby of an opportunity to present material evidence, upon an application therefor, they must show that they were misled by it, or prevented

from introducing evidence to rebut that upon which the amendment is based, and that if the case be reopened, they will be able to present testimony to overcome such evidence.

ID.—EVIDENCE—DEPTH OF RETAINING WALL OF LESSOR—COMPLIANCE WITH CITY ORDINANCE.—Evidence was admissible to show that the retaining wall of the lessor was built to the depth required by the city ordinance, and was a sufficient retaining wall to that depth; and the city ordinance was admissible in connection with such evidence to show such compliance.

ID.—LOWER EXTENSION BY ADJOINING OWNER—ADOPTION OF WALL AS SUFFICIENT.—Where the owner of the adjoining land extended the retaining wall to a lower depth, to make it part of the wall erected by it, and as additional support of the lessor's land, it adopted his retaining wall as sufficient for the purposes for which it was built and when it was extended as a sufficient retaining wall for all purposes.

ID.—DUTY OF ADJOINING OWNER TO SUPPORT WALL AND LAND—SUPPORT BY LESSOR.—It was the duty of the owner of the adjoining land making a lower excavation than that required by the city ordinance to support the wall and land of the lessor; and the fact that the lessor had taken precautions to have his wall and land supported did not release the adjoining owner from the duty so imposed upon him by section 832 of the Civil Code.

ID.—NEGLIGENT TRESPASS—SUPPORT OF FINDING.—Where the evidence clearly establishes that the contractor employed by the owner of the adjoining land was guilty of negligent trespass upon the land occupied by the plaintiffs, and also clearly shows that such trespass was made in accordance with the plans and specifications required by the owner of the adjoining land, it is sufficient to support a finding that the negligent trespass was committed by both parties.

ID.—SECONDARY EVIDENCE—CONTENTS OF LOST LEASE.—Where it appears that the lease made to the plaintiffs was lost, and could not be found after diligent search, the testimony of the attorney who drew the lease was admissible to prove its contents.

ID.—IMPROPER OPINION EVIDENCE.—A question addressed to a witness as to whether the taking out of the bricks would weaken the wall, though not properly subject to the objection that it called for expert evidence, was properly overruled on the ground that it called for opinion evidence, not expert, as to matters of common observation, which would admit of but one answer.

APPEALS from a judgment of the Superior Court of Los Angeles County, from orders denying motions for a new trial, and from orders denying motions to strike an amended complaint from the files.   Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Lloyd W. Moultrie, for Union Trust Company, Appellant.

The work was done by an independent contractor, and the owner is not responsible for the negligence of his employees. (*Frassi* v. *McDonald,* 122 Cal. 400, 55 Pac. 139; *Louthan* v. *Hewes,* 138 Cal. 116, 70 Pac. 1065.)

John W. Kemp, and Kemp & Collier, for C. Leonardt.

The duty of lateral support extends only to the soil of the adjacent property, and not to buildings situated on it. (Civ. Code, sec. 832; *Sullivan* v. *Zeiner,* 98 Cal. 346, 348, 33 Pac. 209; *Aston* v. *Nolan,* 63 Cal. 269, 272; *Moody* v. *McLellan,* 39 Ala. 45, 84 Am. Dec. 770; *Thurston* v. *Hancock,* 12 Mass. 220, 7 Am. Dec. 57; *Ketcham* v. *Newman,* 141 N. Y. 205, 36 N. E. 197; *Northern Trans. Co.* v. *Chicago,* 99 U. S. 635.) It was the duty of the plaintiffs to keep their own building shored up, and it was negligence not to do so. (*Lasala* v. *Holbrook,* 4 Paige, 169, 25 Am. Dec. 524; *Aston* v. *Nolan,* 63 Cal. 269, 273; *First Nat. Bank* v. *Villegra,* 92 Cal. 96, 99, 28 Pac. 97.)

Bernard Potter, and Frank James, for Respondents.

The evidence is sufficient to sustain the finding of negligent trespass by both appellants, in picking into the wall belonging to the building occupied by plaintiffs for appellants' express purposes. (*Dunton* v. *Niles,* 95 Cal. 495, 30 Pac. 762; *Green* v. *Berge,* 105 Cal. 52, 45 Am. St. Rep. 25, 38 Pac. 539; 2 Jaggard on Torts, 666; 28 Am. & Eng. Ency. of Law, 552, 566, 567, 569, 570; 3 Sutherland on Damages, secs. 1010, 1015, 1025; *Buskirk* v. *Strickland,* 47 Mich. 389, 11 N. W. 210; *Ketchum* v. *Newman,* 116 N. Y. 422, 22 N. E. 1052; *Marion* v. *Johnson,* 23 La. Ann. 597; *Stevens* v. *Brown,* 14 Ill. App. 173; *Bradley* v. *New York etc. R. R. Co.,* 21 Conn. 294; *Bass* v. *West,* 110 Ga. 698, 36 S. E. 244, 245; *Williams* v. *Fischer,* 50 Mo. 198; 1 Cyc. of Law & Proc. 782.)

TAGGART, J.—This is an action to recover damages for injury to plaintiffs' property and business caused by one side of the building occupied by them falling into an excavation in the adjoining land belonging to one of the defendants.

Judgment was for plaintiffs and against the defendants
Union Trust Company and C. Leonardt. Several appeals are
presented by these defendants from the judgment, from an or-
der denying their respective motions for a new trial, and from
an order denying their several motions to strike from the
files the second amended complaint filed by the plaintiffs. A
judgment of nonsuit was granted as to the defendants Ramish
& Marsh, from which no appeal was taken.

Plaintiffs conducted a manicuring and hair-dressing parlor
and store in a one-story brick building belonging to I. W.
Hellman, situated on a lot fronting on Fourth street in the
city of Los Angeles. The defendant Union Trust Company,
which was the owner of the lot adjoining to the west, con-
templating the erection of a ten-story brick building on its
lot, notified Hellman of its intention to make an excavation
for a cellar and foundation for said building upon its prem-
ises, and in due time proceeded to make such excavation to a
depth varying from seventeen to twenty feet along the bound-
ary line between said lots. By an ordinance in force at the
time in said city the standard depth of foundations for brick
buildings was fixed at eleven feet, and Hellman employed the
defendant C. Leonardt to construct a supporting wall to that
depth for the side of the building occupied by plaintiffs. The
defendant Union Trust Company employed Leonardt to ex-
tend and continue said supporting wall to the full depth of
the excavation made by it for its cellar and foundation.
When finished this supporting wall was shored up and sus-
tained by certain braces and shores placed against it by Leon-
ardt under his contract with Hellman and by an agreement
with the Trust Company. This was the only retaining wall
provided to prevent the soil of the Hellman lot or the build-
ing thereon from falling into the excavation.

The plans and specifications for the Union Trust Company
building called for three cement foundation piers and foot-
ings therefor, which footings were to project four and one-
half inches beyond the east line of said building, and were
each to be twelve inches in height and twelve feet long. De-
fendant·Leonardt was employed by the trust company, as a
contractor, to construct these footings and piers. While his
employees were engaged in such construction the shores and
braces supporting the Hellman wall were removed, and some

of these employees were engaged in picking bricks out of the wall and making niches for the purpose of inserting the footings of the cement piers for the Union Trust Company building, when the wall and side of the Hellman building fell into the excavation and thereby caused the injury to plaintiff's business and stock of goods for which damages are asked.

The findings upon which the judgment rests are, that the allegations of the second amended complaint are true, and that the wall did not fall on account of the carelessness or negligence of Hellman or the plaintiffs. There are also two special findings to the effect that the wall did not fall by reason of defective plumbing or leaky water, drain or waste pipes on the Hellman premises. The conclusions of law of the trial court are that the acts of said defendants Leonardt and Union Trust Company were the proximate causes of the falling of said wall, and that said acts were trespasses upon the Hellman premises and were carelessly and negligently done and performed.

The second amended complaint was filed by leave of the court after the evidence had closed, the cause submitted for decision and the opinion of the court been delivered, but before the filing of findings or judgment. Both defendants against whom the judgment was rendered thereafter filed and served demurrers to said complaint, and moved to strike it out on the grounds that it was filed without notice to defendants, was not served on them, was without authority of law, and that it changed the material issues in said cause, and that defendants had no opportunity to be heard on the issues so made. These demurrers were overruled and motions denied, and thereafter the defendant Leonardt filed an answer to said second amended complaint.

In support of the appeals from the order denying the motions to strike out, appellants contend that the complaint upon which the action was tried counted upon negligence alone, while the complaint upon which the findings rest alleges a trespass as well as negligence. The record does not sustain this contention. The second amended complaint merely alleges with more certainty and detail the matters contained in the first amended complaint. Neither alleges a trespass in terms. The first alleges the removal by the defendants of the shores and braces, of the dirt from about, and the bricks in

the wall.   The second states the size of the niche made in the wall by the removal of the brick, the purpose for, and the manner in which, the bricks were removed, and that it was done pursuant to the plans and specifications for the Union Trust Company building. The allegations of either would support a finding of trespass against both defendants, and the same evidence might be introduced to sustain either complaint.

The amendment was made in order that the allegations and proof might conform.   Where the variance between pleading and proof is not material the court may direct the fact to be found according to the evidence, or may order an immediate amendment.   (Code Civ. Proc., sec. 470.)   A variance is material only when it has misled the adverse party to his prejudice in maintaining his action or defense on its merits (sec. 469), and becomes a failure of proof when the allegations are not proved in their general scope and meaning. (Sec. 471.)   Under section 470, pleadings may be amended without terms, under 469 upon terms, while under 471 the variance is fatal.

In cases coming under section 470 amendments to the pleading should not only be allowed but required, and it is proper to do this at any stage of the action.   It is timely when the court has heard all the evidence and argument and given the cause due consideration.   Upon discovering a variance it should order the pleading amended before making its findings or judgment.   (*Hancock* v. *Board,* 140 Cal. 554, 562, [74 Pac. 44].)   If the adverse party is denied the opportunity to present material evidence upon any issue by reason of such amendment, he should apply to the court to have the case reopened that he may introduce such evidence and have the benefit of it.   (*Jackson* v. *Jackson,* 94 Cal. 462, [29 Pac. 957].) Upon such an application he must show that he was misled by or prevented from introducing evidence to rebut that upon which the amendment was based, and that if the case be reopened he will be able to present testimony tending to overcome such evidence.   (*Firebaugh* v. *Burbank,* 121 Cal. 193, [53 Pac. 560].)   Amendments of this character are not made for the purpose of framing issues for the trial, but to supply technical defects, or upon the supposition that issues which have been tried are within the allegations of the pleadings when such is not the case.   (*McDougald* v. *Argonaut,* 117 Cal.

95, [48 Pac. 1021].) It is apparent, then, that the second amended complaint was not such an amended pleading as defendants were entitled to demur to, or answer as a matter of right, as the issues therein presented were deemed to have already been tried.

This view of the second amended complaint sustains the findings and judgment, so far as they are based upon it, and supports the ruling of the trial court in denying the defendant Union Trust Company's motion for a nonsuit.

Appellants contend that when Hellman assumed the building of the eleven-foot foundation wall in accordance with the city ordinance introduced in evidence, he thereby relieved the Union Trust Company of its obligation to use the care and take the precautions to sustain the land of Hellman that are required by section 832 of the Civil Code; that Hellman constructed a wall which was insufficient as a retaining wall, and the negligence which caused the injury to plaintiffs was that of the landlord and not the negligence of defendants. Had nothing else been done to sustain the Hellman property, and the Union Trust Company been misled as to the sufficiency of the Hellman wall as a protection, and relied upon it entirely as all the precaution necessary to be taken, some question might arise as to the estoppel of Hellman and his tenants to claim damages from the trust company. But this was not the case; the trust company, apparently accepting the Hellman wall as a sufficient foundation under the ordinance, extended it six to nine feet deeper and relied upon it as a retaining wall. If it were too flimsy for a retaining wall at eleven feet in depth, it certainly did not become less so by the extension which was admittedly the act of appellants.

Respondents claim that the eleven-foot wall was not built for a retaining wall, but as a foundation to comply with the building regulations of the city requiring an eleven-foot foundation under all brick buildings. Architect Morgan testified that it was sufficient either for foundation or as a retaining wall to that depth. When the Union Trust Company made it a part of the wall erected by it as a. precautionary measure under section 832 to sustain Mr. Hellman's land, it adopted the Hellman wall, not only as sufficient for the purpose for which it was built, to wit, to support the building, but also when taken with the wall constructed by the trust

company as a sufficient retaining wall for all purposes. That Hellman took measures to support his building with a proper foundation did not release the trust company from the duty imposed upon it to support Hellman's land.

The city ordinance was admissible in this connection to show a compliance with the building regulations of the city by Mr. Hellman. It need not be considered as a rule of damages, and we do not deem it necessary to pass upon the power of the city council to pass a law on that subject.

There was evidence to support the finding that both of the appellants were guilty of a negligent trespass. The immediate causes of the collapse of the wall were the removal of the shores and braces placed against the wall by the order of Mr. Hellman's architect *and* the picking out and removal of the bricks from it by Leonardt's employees. The architect testified that it was intended that the braces should remain against the wall as a precaution so long as they were working and digging by the side of it, putting in the footings for the piers of the Union Trust Company's building. The braces were removed three or four days prior to the accident, but when the wall fell an employee of Leonardt was hammering the bricks from the foot of the Hellman wall with a pick to a depth of six inches, according to one witness. Twenty-four or forty-eight hours prior to the accident Leonardt was notified that the braces had been removed and was requested to replace them. They were not against the wall at the time the collapse came. The evidence clearly shows the liability of the defendant Leonardt.

That of the defendant Union Trust Company, as said by the trial court in denying its motion for a nonsuit, depends upon whether or not Leonardt, as an independent contractor, was carrying out his contract with it when he was removing the bricks from Hellman's wall, and thereby committing a trespass. The witness Smith, upon whose testimony the court relied in making this ruling, testified that the footings of the cement piers were put in in accordance with the plans and specifications of the Union Trust Company's building, and that the pier which was completed at the time of the accident projected four and one-half inches beyond the building line of the trust company. At that time he stated he did not know whether it was on the Hellman line or not. Later when

recalled by the defendants he testified that the footings of the Hellman wall extended four inches over the trust company's line, and that he was putting the trust company's footings four and one-half inches into the Hellman wall. The court stated in ruling that its ruling on the motion for a nonsuit was based upon the fact that the footings extended four and one-half inches on the Hellman property. This statement of fact by the court was unchallenged, and we think the inference supported by the evidence of architect Parkinson and others. There is evidence to sustain the finding that the four and one-half inch niches cut in the Hellman wall to accommodate the footings of the Union Trust Company's piers were cut at the instance of the defendant Union Trust Company, and that they constituted a trespass upon the property of Hellman to that extent. The picking of these bricks from the wall at a time when there were no braces to support the wall warranted a finding of negligence and disregard of proper precaution after notice given. The record would support a finding that the proximate cause of the accident was the picking and removal of these bricks alone.

There was a conflict in the testimony as to whether there was any faucet or water-pipes at the south end of the Hellman building, and the wetness of the earth near the excavation may have been the result of the breaking of either drain, sewer or water pipes, or all of them, at the time of the accident. There is evidence to support the finding that the falling of the wall was not due to leaky pipes, drains or wastepipes on the Hellman property, and therefore the finding will not be disturbed by this court.

It was not error to admit the testimony of the witness Graves as to the contents of the lease from Hellman to plaintiffs. One of the plaintiffs testified that they were in possession of the premises under a written lease, but that the lease had been lost, and he gave the details of his efforts to find it. Mr. Graves was the attorney who drew the lease, and he was competent to testify to its contents.

While the city ordinance prescribing the depth of foundations for brick buildings and declaring a rule of damages was considered admissible for the first purpose only, we do not think its admission could in any manner have prejudiced the case of defendants, as the findings, so far as they affect

the Union Trust Company, are framed upon the theory of a trespass committed by it.

The question addressed to the witness Smith, whether or not the taking out of the bricks from the foot of the Hellman wall "would in any manner weaken the wall," was hardly open to the objection which was sustained, that "it is calling for expert testimony." We think, however, the court was correct in rejecting the testimony, but it should have been upon the ground that it called for opinion evidence which was not expert. There could have been but one answer to the question, and common observation would have supplied that. The objection to the other question propounded to the same witness was properly sustained.

No prejudicial error appearing in the record, the judgment and orders appealed from are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 2, 1908.