[Civ. No. 503.   Second Appellate District.—June 19, 1908.]

# WILLIAM KENNEDY, Appellant, v. W. D. MERICKEL, Respondent.

EMPLOYMENT OF REAL ESTATE BROKER—WRITTEN AUTHORITY TO ACT.—Under subdivision 6 of section 1624 of the Civil Code, though the employment of a real estate broker to effect a sale or exchange of real estate must be under written authority to act as such; yet no formal contract is required, beyond the terms of such written authority, subscribed by the party to be charged.

ID.—COMMISSION OR COMPENSATION NOT REQUIRED TO BE STATED.—The code provision does not require that the writing shall either state the amount of the commissions to be received by the broker, nor that the employment is for a compensation.

ID.—ABSENCE OF EXPRESS CONTRACT—QUANTUM MERUIT.—Where the authority to act is written, and there is no express written contract as to compensation, the agreement is implied to pay what the services are reasonably worth, upon a *quantum meruit*.

ID.—MODE OF DETERMINING VALUE OF PLAINTIFF'S SERVICES.—The reasonable value of the plaintiff's services is to be determined in the market in which the contract of exchange was to be effected, in this state, and performed on the part of the plaintiff as a real estate broker authorized to act as such by the defendant.

ID.—MODE OF CONSTITUTING AUTHORITY—LETTER—CORRESPONDENCE.—The authority of the real estate broker to act for the owner may be contained in a written letter addressed to the broker expressly or impliedly acknowledging his authority to sell or exchange his property; and a letter from the owner of land in Minnesota to the real estate broker in this state, inviting a proposition for exchange thereof for property in this state, which was authorized as the result of correspondence for usual commissions, not agreed upon, and the exchange was effected, the real estate broker is entitled to recover the reasonable value of his services.

ID.—ACTION FOR SERVICES—PARTIES—COMPENSATION FOR BROKER IN MINNESOTA.—The fact that the owner of the Minnesota land had employed a broker there in regard to his property does not make him a necessary party to an action by plaintiff for the reasonable value of his services for effecting the exchange in this state, where they were not employed jointly, and plaintiff only seeks to recover the reasonable value of his own services.

ID.—ERROR IN GRANTING NONSUIT.—It was error in the court to grant a nonsuit in such action, for want of a necessary party thereto, and the judgment of nonsuit must be reversed.

ID.—ORDER DISSOLVING ATTACHMENT AFTER NONSUIT NOT REVIEWABLE —APPEALABLE ORDER.—An order dissolving an attachment after the erroneous order granting a nonsuit cannot be reviewed upon appeal from the judgment of nonsuit. Such order being itself an appealable order, it is expressly excepted from the matters to be reviewed upon appeal from the judgment.

APPEAL from a judgment of the Superior Court of Riverside County. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

H. M. Barstow, Collier & Carnahan, and John D. Pope, for Appellant.

Purington & Adair, for Respondent.

TAGGART, J.—Action to recover commissions for exchange of real estate. Judgment was for defendant on a nonsuit. Plaintiff appeals from the judgment, and brings up the evidence in a bill of exceptions.

Plaintiff is a real estate broker residing in Los Angeles City, and defendant a resident of Minneapolis, Minnesota. The latter was the owner of real property in the last-named city of the estimated value of $175,000, which he desired to exchange for ranch property in California. Through the efforts of plaintiff, an exchange for property in Riverside county, known as the Everest Rancho, was effected. Defendant refused to pay plaintiff for such services, and this action is brought to recover the sum of $4,400 as a reasonable compensation for his services in bringing about the exchange of property for defendant.

At the close of plaintiff's case, the court granted a motion for a nonsuit upon the grounds that the evidence failed to show an agreement in writing authorizing or employing plaintiff to make such exchange, as required by subdivision 6, section 1624 of the Civil Code; that plaintiff failed to show what his commission was according to the terms of the contract, and because one J. H. Lawton, a necessary party plaintiff, had not been made a party to the action.

The rule declared by section 1624 of the Civil Code that: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and sub-

scribed by the party to be charged, or by his agent: . . . 6. An agreement authorizing or employing an agent or broker to purchase or sell real estate for a compensation, or a commission,'' has been frequently applied and construed. The cases doing this have generally rested upon the opinion rendered in *McCarthy* v. *Loupe*, 62 Cal. 299. From that opinion it appears that before the code provision was adopted, in order that a broker might recover commissions for effecting a sale of real estate it was necessary that he prove an express contract of employment, or, in the absence of an express contract, that he might recover upon proof of a usage regulating transactions of this kind, but that the law would never imply a contract of employment.

The effect of the code, then, was to require that the authorization or fact of employment should appear from a writing subscribed by the party to be charged (*Toomy* v. *Dunphy*, 86 Cal. 639, [25 Pac. 130]), and it has been held that usage is no longer admissible to prove this fact. (*Lambert* v. *Gerner*, 142 Cal. 399, [76 Pac. 53].) The provision that the employment or authorization shall be in writing does not require that it be by a written contract intended by the parties as an obligation; it may be merely a note or memorandum. (*Lindley* v. *Fay*, 119 Cal. 239, [51 Pac. 333].) It is not requisite that it shall be an instrument by the terms of which the agent is empowered to so bind the principal as to support an action for specific performance. (*Grant* v. *Ede*, 85 Cal. 418, [20 Am. St. Rep. 237, 24 Pac. 890].) It is sufficient if it shows that the broker is authorized by the principal to find a purchaser who is ready, willing and able to exchange (*Merriman* v. *Wickersham*, 141 Cal. 570, [75 Pac. 180]), or one with whom an exchange is actually made. (*Clark* v. *Allen*, 125 Cal. 276, [57 Pac. 985].) As said in *Cody* v. *Dempsey*, 86 App. Div. 335, [83 N. Y. Supp. 899], there is no definite requirement, except that the authority to act in the matter shall be evidenced by a writing. All the statute requires is written authority.

While, as said in *Lambert* v. *Gerner*, 142 Cal. 399, a person cannot make himself the agent of another simply by writing letters and acting as agent without the assent or consent of the latter, it does not require the citation of au-

thorities to establish that a writing in the form of a letter, or writings in the shape of a correspondence, may be sufficient under the statute. A writing signed by the owner and addressed to the broker expressly or impliedly acknowledging his authority to act as agent for the purposes of the sale is a sufficient compliance with the statute. (*Imperato* v. *Wasboe,* 47 Misc. Rep. 150, [93 N. Y. Supp. 489].) The purpose of the statute being to prevent the assertion of false claims for compensation by brokers and agents against owners of real estate, which was possible under the old rule, it is sufficient if it be shown that the party to be charged has recognized the broker as his agent by a writing subscribed by him. (*Toomy* v. *Dunphy,* 86 Cal. 639, [25 Pac. 130].)

We do not think it necessary to accept the view of the New York supreme court in the case of *Getzelsohn* v. *Donnelly,* 50 Misc. Rep. 164, [98 N. Y. Supp. 213], cited by appellant, that a letter purporting on its face to be written to the plaintiff as a purchaser can be shown by parol to be intended as an employment or authorization of him as an agent, in determining this question as applied to the facts of the case at bar. That it appears from the letter of October 14th that the defendant knew that plaintiff was interesting himself in some capacity in bringing about a sale of the property, and by the same letter invited plaintiff to write him again and make him a proposition, was not alone sufficient to satisfy the statute. This letter, which was introduced in evidence, was as follows:

"Minneapolis, Minn., Oct. 14th, 1905.

"Wm. Kennedy, Los Angeles, Cal.

"Dear Sir: Yours of Sept. 22nd, also Oct. 7th, at hand. I have been out of the city for the last three weeks, consequently the delay in answering. Your letter written in confidence to me I will answer in confidence. Neither one of the agents you refer to in your letter are what you call reliable people, and if I were going to make an exchange for property in your state would prefer to deal with you direct. I have had no proposition submitted to me by Mr. Lawton of St. Paul since receiving your letters. In referring you to a bank in the city here would refer you to the Northwestern National Bank. If I have to deal through an agent here

think I would prefer Mr. Lawton to Tibbetts. Hoping to hear from you again with a proposition,

"Yours truly,

"W. D. MERICKEL.

"2009 Bryant Ave. South."

Neither was it sufficient when considered only in connection with the letters of September 22d and October 7th, which are mentioned in it. The negotiations between the parties up to the date of October 14th showed merely that plaintiff had sent certain propositions to defendant's agent, who had failed to deliver them, and that plaintiff desired to get into direct communication with the principal. There is absolutely nothing to show employment or intention to employ plaintiff in either or any of these letters. By the letter of October 14th, however, defendant invited a proposition from plaintiff, and he received it in the letter of October 19th written by plaintiff. In this letter the latter says: "We do not represent Mr. Everest, his property comes to us through other brokers, and in the event of a deal we would be obliged to look to you for the usual commission." This position and declaration of plaintiff are brought home to defendant and emphasized in the succeeding letters of plaintiff to defendant dated, respectively, October 26th and October 27th. The transactions and negotiations mentioned in these letters disclosed a condition of affairs brought about by plaintiff which induced defendant to telegraph on November 1st, "I think if you can hold trade will leave here 15th November," and to write a letter to plaintiff to same effect on the same day.

Little stress is to be laid upon the use of the words "your man," in defendant's letter, as affecting the question of whether or not plaintiff was conducting the negotiations on behalf of defendant. This is a well-known form of expression which is applied to the customer of a broker whether seller or purchaser, regardless of which party the broker represents. From the viewpoint of persons seeking to establish one or the other theory in the case, it would or would not indicate certain intentions, but from the disinterested standpoint of a court it would give little or no aid in solving the question before us.

In response to plaintiff's second letter, under date of October 27th, calling defendant's attention, not only to the fact

that plaintiff expected commissions, but the amount he expected to receive, and the suggestion that Mr. Lawton was entitled to a portion of these commissions, defendant writes: "As to the commissions in the deal, if made, will say that I expect to pay to Mr. Lawton and you, providing you are working with Mr. Lawton in handling my property, a regular commission of the amount allowed by the laws governing my city."

The proposition of the Everest rancho, as to which plaintiff advised defendant he would expect commissions, was shown by plaintiff's evidence to have been consummated through his efforts. A proposition in writing direct from Everest was procured by plaintiff at the request of defendant, and other services rendered in connection with the deal, at the written request of defendant. It is not necessary to state the language used in the correspondence other than as above mentioned, to show that there was sufficient acknowledgment by defendant in writing of the employment of plaintiff to make the exchange to satisfy the statute and entitle the plaintiff to recover his compensation for services rendered as a broker.

Much of the later correspondence related to the amount of commission to which plaintiff was entitled, and as to its division with Mr. Lawton. The plaintiff also testified to interviews with defendant relating to the same subject. It is not necessary that the writing required by the statute shall either state the amount of the commission, nor that the employment is for a compensation. (*Toomy* v. *Dunphy*, 86 Cal. 642, [25 Pac. 130].) The complaint counts upon the reasonable value of the services. This is in accordance with the evidence. Defendant did not accept plaintiff's proposition of $4,400, and plaintiff did not accept defendant's proposition of "the amount allowed by the laws governing my city" (Minneapolis). There was then no express contract as to compensation, and where this is the case it is an agreement to pay what the service is reasonably worth. (*Ford* v. *Brown*, 120 Cal. 551, [52 Pac. 817].) Plaintiff and two other witnesses testified to the value of the services rendered by plaintiff. The value of the services was to be determined by the market in which the contract was made and to be performed, and the property sold—that is, Los Angeles—and the evidence was as to the worth of the services in that city.

Mr. Lawton was not a party necessary to an action by plaintiff to recover for his services. If Lawton were entitled to receive any of the commissions, it seems hardly necessary to say that plaintiff could not recover that which was due Lawton. They were not employed jointly, and plaintiff's evidence was to the effect that the value of the services rendered by him alone was the amount for which he asked judgment.

The granting of the nonsuit was error, and the judgment should be reversed.

Both parties discuss, as if before this court on this appeal from the judgment alone, an order releasing an attachment made upon the motion of defendant's counsel after the motion for a nonsuit had been granted and before the entry of the judgment in the case.

An order dissolving an attachment is an appealable order (Code Civ. Proc., sec. 963), and upon an appeal from a judgment appealable orders are expressly excepted from the matters which this court shall review. (Code Civ. Proc., sec. 956.)

Judgment reversed and cause remanded.

Shaw, J., and Allen, P. J., concurred.