[Civ. No. 535. Second Appellate District.—September 25, 1908.]

## LEE R. MYERS, Respondent, v. G. L. HOLTON, Appellant.

PLEADING—AMENDED COMPLAINT—ORDER REFUSING TO STRIKE FROM FILES—REVIEW UPON APPEAL.—An order refusing to strike an amended complaint from the files is not appealable, but where an exception was reserved to the ruling thereupon which is properly incorporated in a bill of exceptions, the ruling may be reviewed upon appeal from the judgment.

ID.—AMENDMENT TO CONFORM TO PROOFS.—Not only is the trial court warranted in directing an amendment to the complaint to conform to the proofs after submission of the cause, but the court should do so when it is necessary to prevent a mistrial; and where there is nothing in the bill of exceptions to show that the amended complaint did not conform to the proofs and the right of recovery was not thereby changed, the court did not err in refusing to strike it from the files.

ID.—AMENDED COMPLAINT NOT CHANGING CAUSE OF ACTION—RECOVERY OF BROKER'S COMMISSIONS.—Where both complaints counted upon a cause of action to recover a broker's commission upon the sale of real estate, and the same facts and promise are counted upon in the amended and original complaint to protect the plaintiff in the matter of his commission, the fact that in the first complaint the amount prayed for was $3,500, the difference between the amount of an option held by plaintiff and the sum for which defendant purchased the property, and that in the amended complaint the commission sued for was based upon a percentage, did not show the statement of a new cause of action.

ID.—EMPLOYMENT OF PLAINTIFF AS BROKER—STATUTE OF FRAUDS—SUFFICIENCY OF COMPLAINT.—Where the writings set forth in the complaint satisfy the statute of frauds, in showing a sufficient acknowledgment of the employment of the plaintiff as a broker to find a purchaser for the defendants, they show sufficient recognition of his agency under subdivision 6 of section 1624 of the Civil Code to support an action for the recovery of his commissions.

Id.—Reasonable Value of Commissions—Finding as to Reasonable Value Unsupported—Admission in Answer—Amended Complaint.—Where the contract of employment pleaded provides neither a sum certain by way of commission nor a method by which a sum certain can be arrived at by computation, it shows only an implied contract to recover what the services were reasonably worth, but where there was no evidence as to such reasonable value, a finding of the same cannot be supported by an admission in the answer that defendant understood that plaintiff was getting the ordinary commissions not exceeding ten per cent, nor by an allegation in the amended complaint made merely to conform to the proofs, to which no new answer was filed.

Id.—Finding in Language of Answer—Inference of Fact—Express Contract—Support of Judgment.—A finding in the language of the answer as to what the defendant understood that plaintiff was getting is sufficient to support the judgment by an inference of fact that the agreement was an express contract for a percentage on the amount of ten per cent recovered by the judgment.

Id.—Presumption upon Appeal as to Support of Judgment.—In support of the judgment, it will always be presumed upon appeal that the trial court made an inference of fact sufficient to support it.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from orders denying a new trial, and denying a motion to strike an amended complaint from the files. W. P. James, Judge.

The facts are stated in the opinion of the court.

D. P. Hatch, and Myron Westover, for Appellant.

Theodore Park, T. M. McNamara, and Andrew G. Park, for Respondent.

TAGGART, J.—Appeal from judgment in favor of plaintiff, from an order denying defendant's motion for a new trial and from an order denying defendant's motion to strike from the files an amended complaint filed by direction of the court after submission of the cause and before the findings and judgment were signed and filed.

The last order is not an appealable one, but an exception having been preserved to the ruling of the court, the matter is before us by bill of exceptions on the appeal from the judgment-roll. We see no error in denying the motion to strike out. Not only is the trial court warranted in directing an

amendment to the pleading to conform to the proofs after submission, but the court should do so when it is necessary to prevent a mistrial. (*Hancock* v. *Board of Education,* 140 Cal. 554, [74 Pac. 44] ; *Hedstrom* v. *Union Trust Co.,* 7 Cal. App. 278, [94 Pac. 386].) There is nothing in the bill of exceptions showing that the amended complaint does not conform to the evidence introduced, and the same facts and promise are counted upon in the amended complaint that are alleged in the original complaint. The right to recover rests upon the same breach of the same contract. (*People's Lumber Co.* v. *Gillard,* 5 Cal. App. 440, [90 Pac. 556].)

In both complaints the plaintiff relies upon the promise of the defendant "to protect him in the matter of his commission," because the defendant purchased the property on which plaintiff held an option. In the first complaint the amount prayed for is $3,500, the difference between the amount of his option and the sum for which defendant purchased the property; in the second, the commission sued for is measured by a percentage. This is not the statement of a new cause of action.

The writings set forth in the complaint satisfy the provisions of the statute of frauds as an acknowledgment of the employment of plaintiff. They show sufficient recognition of his agency under subdivision 6 of section 1624 of the Civil Code to support an action for commissions. (*Kennedy* v. *Merickel,* 8 Cal. App. 378, [97 Pac. 81].)

The writing upon which plaintiff relies as a promise to pay his commissions does not specify either an amount or a percentage to be paid. The answer to the original complaint (there was no answer to the amended complaint) avers that defendant believed that plaintiff was getting the ordinary commissions such as are customarily paid in sales of the character then being made by plaintiff, to wit: not in excess of ten per cent of the purchase price. In the amended complaint it is alleged that "the defendant understood that he had bound himself and was to pay to the said plaintiff in case of purchase of said property by himself, or his assigns, the sum of ten per cent upon the purchase price thereof, to wit, the sum of $1200. That the said sum . . . is and was a reasonable sum for the services rendered," etc. The findings of the court in this respect are in substantially the same language. The bill of exceptions contains this statement:

"There was no evidence introduced as to what the reasonable market value of the services so rendered by plaintiff would be or was at the time the same were rendered; the evidence did show the kind and character of the services so rendered, but no witness or witnesses testified as to what would be the reasonable value of such services."

The contract of employment of plaintiff provides for neither a sum certain nor a method by which a certain sum can be arrived at by computation. In the absence of an express contract as to compensation, the implied promise is to pay what the service is reasonably worth. (*Kennedy* v. *Merickel*, 8 Cal. App. 378, [97 Pac. 81].) The admission in the answer that defendant believed that the plaintiff was getting the ordinary commissions, not exceeding ten per cent, is not sufficient to support the finding that the reasonable value of the service was $1,200. Neither is it material in this connection that the allegation in the amended complaint that the reasonable value of such services is $1,200 is undenied. This allegation was made for the purpose of having the pleading conform to the proof. Such amendments are not intended to frame issues for trial, but are made upon the supposition that the issues therein have already been tried. (*Hedstrom* v. *Union Trust Co.*, 7 Cal. App. 278, [94 Pac. 386]; *McDougald* v. *Argonaut*, 117 Cal. 95, [48 Pac. 1021].)

Respondent contends, however, that, even though there be no evidence to sustain a finding as to the reasonable value of plaintiff's service, the finding above quoted to the effect that, defendant at the time he executed the writing agreeing to protect plaintiff in his commissions, understood (thereby) "that he had bound himself and was to pay to the said plaintiff . . . the sum of $1,200," is sufficient to sustain the judgment. This is alleged and found, and in the absence of anything to the contrary in the record we must assume it was supported by the evidence. (*Pacific Pav. Co.* v. *Mowbray*, 127 Cal. 1, [59 Pac. 205].) While such words as, "the defendant understood," are generally to be regarded as mere deductions or conclusions when they appear in the testimony of a witness, if the trial court finds therefrom that an express contract was made between the parties, such finding will not be disturbed or questioned on appeal. This court will always assume that the trial court made an inference of fact to support the judgment rather than one which would not, and if any inference

of fact could have been made from the evidence by the trial court that would support the judgment, it will be presumed that it made such inference. (*Griffin* v. *Pacific E. Ry. Co.*, 1 Cal. App. 678, [82 Pac. 1084].) The judgment finds sufficient support in this finding.

It is not necessary to consider the objections of respondent to the bill of exceptions that it does not conform to the requirements of section 648 of the Code of Civil Procedure. No reason is assigned for this contention and none suggests itself upon an inspection of the record.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.