[Civ. No. 850.　Second Appellate District.—December 2, 1910.]

## C. W. CURRAN, Respondent, v. O. H. HUBBARD, Appellant.

REAL ESTATE BROKER—MEMORANDUM OF EMPLOYMENT—CONSTRUCTION —GETTING OF "OFFER" — SALE OR EXCHANGE.—A memorandum of employment of a real estate broker to "get an offer" for the owner's land should be considered as a whole, and not so interpreted as to make it meaningless, and when, thus considered, it clearly appears therefrom that the owner described his property, stated the price on the basis of which he would sell or exchange the same, and that by the words "get me an offer" used in the memorandum delivered to the broker he intended to and did authorize the broker to find someone to whom a sale or satisfactory exchange could be made, the memorandum is sufficient, under section 1624 of the Civil Code, to constitute an employment of the broker to make an exchange of lands on the basis of the agreed price.

ID.—REQUISITES OF MEMORANDUM — WRITTEN AUTHORITY.—It is not requisite that the memorandum of employment of a real estate broker shall be an instrument so binding its principal as to support an action for specific performance; but it is sufficient if it shows that the broker is authorized by the principal to find a purchaser who is ready, willing and able to exchange, or one with whom an exchange is actually made.　There is no definite requirement, except that the authority to act in the matter shall be evidenced by a writing.

ID.—MEMORANDUM NOT CONFINED TO SINGLE OFFER.—The words used in the memorandum, "get me an offer," in the connection in which they are used, not only show that the memorandum complied with the statute, but also show that the broker was employed by the owner to make a sale or satisfactory exchange of his property, and not merely to procure a single offer of purchase or exchange.　He was authorized to find a satisfactory offer which the owner was willing to or did accept.

ID.—PERIOD FOR EFFECTING EXCHANGE—REASONABLE TIME—OFFER PROCURED IN LIFE OF CONTRACT.—In the absence of anything in the memorandum to limit the period within which the broker should make the sale or exchange he had a reasonable time so to do.　It is sufficient that, while the contract was in force and unrevoked, the broker found a person who was ready, able and willing to exchange and introduced him to the owner, and that the owner made an exchange with him.

ID.—REJECTION OF FIRST OFFER OF EXCHANGE—ACCEPTANCE OF SECOND OFFER—RIGHT OF BROKER TO COMMISSIONS.—The fact that the defendant owner rejected the first offer of exchange made by the person found by the broker and accepted a second offer made by him for other property owned by him, and which he was able, ready

and willing to exchange for defendant's property, and did exchange therefor, did not free the owner from obligation to compensate the broker for his services in promoting such exchange.

ID.—SUPPORT OF FINDING AS TO SPECIAL AGENCY OF BROKER IN INDUCING SECOND OFFER IMMATERIAL.—A finding that the broker had further interviews between the exchanging party and the owner and showed him the owner's property a second time and induced him to make a second offer, is immaterial; and if it is unsupported by the evidence as claimed, the error is harmless, since plaintiff's right to commissions in promoting an exchange did not depend upon the facts so found. [Beatty, C. J., dissenting.]

ID.—PLEA OF BAR OF STATUTE FOR WANT OF WRITTEN MEMORANDUM—FINDING UPON ISSUES.—Where the defendant specially pleaded the bar of section 1624 of the Civil Code, and section 1973 of the Code of Civil Procedure for want of a written memorandum, and complains of failure to find thereupon, those pleas are sufficiently negatived by the finding that defendant did employ plaintiff by and under a memorandum or writing subscribed by the defendant and delivered by him to the plaintiff.

ID.—EXCESSIVE COMMISSIONS ALLOWED — STIPULATION—ASCERTAINABLE SUM REMITTING EXCESS—MODIFICATION—COSTS.—Where there was a stipulation as to the amount of percentage of commissions to be allowed to the plaintiff, in the event of his recovery at the trial, and an excessive allowance was made by the court, but the excess is clearly ascertainable, upon the remitting of such excess, the judgment will be modified, and the appellant allowed his costs of appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing to vacate the judgment and render a different judgment upon the findings. W. P. James, Judge.

The facts are stated in the opinion of the court.

Charles H. Mattingly, for Appellant.

Lucius M. Fall, Webster Davis, and T. E. Parke, for Respondent.

SHAW, J.—Action by plaintiff, a real estate broker, to recover a commission for services rendered to defendant in effecting an exchange of land.

Plaintiff's authority to act in the matter consisted of a memorandum in writing subscribed by defendant and delivered to plaintiff, a copy of which, as set forth in the complaint, is as follows:

"Ontario, December 6-08.

"My orange grove is Lot 645, Ontario Colony. My price is $12,000. Get me an offer.

"O. H. HUBBARD,
"3526 S. Figueroa St."

The court found that plaintiff was a real estate broker, and that in December, 1908, defendant employed him as such agent and broker to find an offer for sale or exchange of the property in question, which said employment was evidenced by the memorandum in writing as alleged and set forth in the complaint; that plaintiff, acting on the authority of such memorandum, went to some expense in showing said property to one John Haasis, whom he introduced to defendant about January 16, 1909, and induced him to make an offer of property which he (Haasis) valued at $12,000 in exchange for defendant's property; that defendant declined to accept this offer, but that thereafter, in February following, Haasis made to defendant an offer of other real estate in exchange for said lot 645, Ontario Colony, which offer defendant accepted and exchanged said lot for the property of said John Haasis. As conclusions of law, the court found that plaintiff should have judgment against defendant for the sum of $325, with interest and costs. Judgment went for plaintiff in accordance with the conclusions of law; whereupon, defendant, as provided by section 663, Code of Civil Procedure, made a motion to have the judgment vacated and set aside, and in lieu thereof that a judgment be entered upon the findings in favor of defendant. This motion was denied, and defendant appeals from the judgment and order denying his motion.

The claim of appellant that the court erred in overruling his demurrer, and also in denying his motion to vacate and set aside the judgment, is based chiefly upon the contention that the memorandum in writing set forth in the complaint, and which the court found to have been made and signed by defendant, is insufficient, under the provisions of section 1624, Civil Code, to constitute an employment of plaintiff to make the exchange. Appellant further insists that if such memorandum be construed as conferring any authority upon plaintiff, it should be limited merely to the getting of one single offer to purchase or exchange, and that, as the court found that defendant employed plaintiff as a real estate

agent and broker to ''find an offer for sale or exchange,'' and further found that the first offer made by Haasis was declined by defendant, the employment, without notice of revocation, terminated, and hence plaintiff was not entitled to recover for his services.

We cannot assent to either proposition. The memorandum should be considered as a whole, and thus considered it clearly appears therefrom that defendant described his property, stated the price upon the basis of which he would sell or exchange, and by the words ''get me an offer,'' used in the memorandum delivered to plaintiff, intended to and did authorize and employ him to find someone to whom a sale or satisfactory exchange could be made. Any other interpretation would be meaningless. In the case of *Kennedy* v. *Merickel*, 8 Cal. App. 378, [97 Pac. 81], this court said: ''It is not requisite that it (the memorandum) shall be an instrument by the terms of which the agent is empowered to so bind the principal as to support an action for specific performance. It is sufficient if it shows that the broker is authorized by the principal to find a purchaser who is ready, willing and able to exchange, or one with whom an exchange is actually made. As said in *Cody* v. *Dempsey*, 86 App. Div. 335, [83 N. Y. Supp. 899], there is no definite requirement, except that the authority to act in the matter shall be evidenced by a writing. All the statute requires is written authority.'' To the same effect, see *Lindley* v. *Fay*, 119 Cal. 239, [51 Pac. 333]; *Toomy* v. *Dunphy*, 86 Cal. 639, [25 Pac. 130]. The memorandum was a sufficient compliance with the statute, and showed that plaintiff was employed by defendant to make a sale or satisfactory exchange of defendant's property, and not merely to procure a single offer of purchase or exchange. The words ''employed plaintiff to find an offer,'' as used in the finding, are susceptible of no other interpretation than that plaintiff was employed to find a satisfactory offer—one which defendant was willing to or did accept.

It clearly appears that it was through and by means of plaintiff's efforts that the attention of Haasis was called to the fact that defendant desired to sell or exchange his orange grove; that he brought the parties together and initiated the negotiations which finally resulted in defendant exchanging his property for that offered by Haasis, and which, in the

absence of anything to the contrary, he is presumed to have valued at the price fixed upon his own property. "It is sufficient if it (the memorandum) shows that the broker is authorized by the principal to find a purchaser who is ready, able and willing to exchange," or "one with whom an exchange is actually made." (*Clark* v. *Allen,* 125 Cal. 276, [57 Pac. 985] ; *Merriman* v. *Wickersham,* 141 Cal. 570, [75 Pac. 180] ; *Kennedy* v. *Merickel,* 8 Cal. App. 378, [97 Pac. 81].)

In the absence of anything in the memorandum limiting the period within which plaintiff should make the sale or exchange, he had a reasonable time so to do. (*Niles* v. *Hancock,* 140 Cal. 161, [73 Pac. 840].) It does not appear that there was any revocation of his authority. While the contract was in full force, he found a person who was ready, able and willing to exchange, introduced him to defendant, and defendant made the exchange. The fact that the defendant rejected the first offer made by Haasis did not thereby free him from obligation to compensate plaintiff for the rendition of services in promoting such exchange.

Appellant attacks the finding of the court to the effect that plaintiff interviewed defendant and Haasis several times, induced Haasis to make a second offer, and showed the property to Haasis a second time, his claim being that such finding is not justified by the evidence. Under our view, the finding is wholly immaterial, and hence, if unsupported, as claimed, the error is harmless (*Risdon* v. *Steyner,* 9 Cal. App. 344, [99 Pac. 377]), for the reason that plaintiff's right to recover did not depend upon the facts embodied in such finding.

As a separate defense, defendant alleged that said action was barred by the provisions of section 1624, Civil Code, and section 1973, Code of Civil Procedure. He now complains because the court failed to make findings upon such alleged issues. The finding that defendant did employ plaintiff by and under a memorandum in writing subscribed by defendant and delivered to plaintiff sufficiently negatives this allegation, if it be deemed material.

It was stipulated at the trial that if the proof established the fact that plaintiff was by defendant employed to sell or exchange the property, and did effect a sale or exchange, that the commission to which plaintiff would be entitled was two and one-half per cent upon the amount of the consideration

for such exchange. The court embodied this stipulation in a finding, but erroneously stated that the sum so agreed upon was five per cent on the first one thousand dollars and two and one-half per cent on the balance. This resulted in the rendition of a judgment against the defendant in the sum of $325, with interest from February 25, 1909, when it should have been for the sum of $300 with such interest. Inasmuch, however, as that portion of the judgment predicated upon this erroneous finding is clearly ascertainable, and the proceedings as disclosed by the record are correct in other particulars, plaintiff should not be required to try the case again, provided such excess be remitted. (*Clapp* v. *Vatcher,* 9 Cal. App. 462, [99 Pac. 549]; *Salstrom* v. *Orleans etc. Min. Co.,* 153 Cal. 651, [96 Pac. 292].)

It is, therefore, ordered that if plaintiff, within thirty days from the filing hereof, file with the clerk of this court his written consent that the judgment of the superior court be modified by deducting $25 therefrom, leaving the judgment to stand for $300, and interest and costs as therein provided, said judgment shall be modified accordingly and the judgment and order denying defendant's motion affirmed. Otherwise, and in case plaintiff fails to file such consent in writing, the judgment and order shall be reversed. In any event, it is ordered that appellant recover his costs on this appeal.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 31, 1911.

Beatty, C. J., dissented from the order denying a rehearing by the supreme court and filed the following opinion on January 31, 1911:

BEATTY, C. J.—I dissent from the order denying a rehearing. I think that the finding which the appellant challenges upon the ground that it is unsupported by the evidence, and which the district court of appeal treats as immaterial, was material and essential to the right of recovery.