[Civ. No. 913.    Second Appellate District.—March 15, 1911.]

SAMUEL SHEPPARD, Appellant, v. LUCINDA SHEP-PARD, Respondent.

ACTION FOR DIVORCE—JUDGMENT FOR MAINTENANCE—APPEAL—BILL OF EXCEPTIONS—OBJECTION TO TIME FOR SETTLEMENT—PRESUMPTION OF EXTENSION.—In an action for divorce, where judgment was rendered, without divorce, upon cross-complaint of the wife for maintenance by the husband, who appealed therefrom upon a bill of exceptions, and the wife, as respondent, objects to its consideration, on the ground that it was not settled and allowed in time, it must be presumed in favor of the regularity of the action of the court,

where the record shows nothing to the contrary, that the time for the settlement of the bill of exceptions was extended under section 1054 of the Code of Civil Procedure by stipulation or by order of the court.

ID.—WAIVER OF OBJECTION—ABSENCE OF OBJECTION IN TRIAL COURT.— Where there is nothing in the transcript to show that any objection was made in the court below to the settlement of the bill of exceptions, even if a valid objection might have been interposed, the failure to urge the same must be deemed a waiver thereof.

ID.—JUDGMENT FOR MAINTENANCE OF WIFE—LIEN UPON PROPERTY—SUPPORT OF FINDING AS TO CHARACTER OF PROPERTY IMMATERIAL.— Where the husband, in his action for divorce, alleged that the property involved is his separate property, and judgment was rendered upon the cross-complaint for maintenance of the wife simply making the judgment a lien upon the property, the character of the property is immaterial, and even if the finding of the court that the property is community property is against the evidence and the property is in fact the separate property of the husband, it cannot affect the judgment rendered.

ID.—ANSWER TO CROSS-COMPLAINT—OFFER OF SUPPORT TO DEFEAT WIFE —GOOD FAITH ESSENTIAL—QUESTION OF FACT—FINDING.—When the husband, to defeat his wife's cross-complaint, answered that he had urged her to return to his place of residence and reside with him, and resume the relation of man and wife, it is essential that his offer must be made in good faith. The question of good faith is one of fact to be determined by the trial court, and where that court found against the offer, it is held that this court cannot say from the evidence that the trial court erred in concluding that the offer was not made in good faith.

ID.—EFFECTIVENESS OF STIPULATION OF ATTORNEYS.—To be effective, a stipulation made by counsel for the parties must be evidenced by an agreement filed with the clerk or entered upon the minutes of the court.

ID.—IMPROPER JUDGMENT FOR ATTORNEYS' FEES INCORPORATED IN JUDGMENT FOR MAINTENANCE—ABSENCE OF STIPULATION.—Where there is no stipulation filed with the clerk or entered in the minutes of the court which tends to show that the parties entered into any stipulation relating to attorneys' fees, or for the postponement of the same to the time of trial or incorporation thereof in the final judgment, the judgment for maintenance incorporating a judgment for attorneys' fees is improper.

ID.—CONSENT TO MODIFICATION REQUIRED.—It is held that, as the erroneous judgment is clearly ascertainable, it is not necessary that the judgment shall be reversed, unless the counsel for respondent shall refuse to file a written consent to the modification thereof within a time fixed by striking out such allowance of attorneys' fees, in which case the judgment will be affirmed as modified.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

E. B. Drake, for Appellant.

Gray, Barker & Bowen, and Gray, Barker, Bowen, Allen, Van Dyke & Jutten, for Respondent.

SHAW, J.—Action for divorce. In addition to a statement of the grounds upon which the action was based, the complaint alleged that all the property owned by plaintiff was his separate estate, and that there was no estate belonging to the marital community. By answer defendant denied all these allegations and filed a cross-complaint whereby, upon sufficient facts therein alleged, and without asking for a decree of divorce, she asked for permanent support and maintenance. Plaintiff answered the cross-complaint denying the allegations contained therein. The issues thus tendered by the answers to the complaint and cross-complaint were all found in favor of defendant; whereupon judgment was rendered against plaintiff and in favor of defendant, awarding her permanent support and maintenance of $50 per month, and giving her a lien upon certain real estate therein described as security for the payment of same, and also awarding her $150 as attorney's fees.

Plaintiff appeals from this judgment upon a bill of exceptions.

Notice of the entry of the judgment was served upon plaintiff on December 17, 1909, and a copy of the bill of exceptions was served upon respondent on January 18, 1910, and the same was settled and allowed by the court on January 29, 1910. Respondent for the first time in this court interposes an objection to a consideration of the bill of exceptions, for the alleged reason that it was not settled and allowed in time. Under section 1054 of the Code of Civil Procedure the statutory time fixed for the performance of the act may be extended by the court, and as every intendment is in favor of the regularity of the action of the court, we must presume, in the absence of anything to the contrary, that the time was ex-

tended by stipulation or order of the court. Moreover, there is nothing in the transcript to show that any objection was made below to the settling of the bill of exceptions, and hence, even if a valid objection might have been interposed, the failure so to do must be deemed a waiver of such right. (*Patrick* v. *Morse,* 64 Cal. 462, [2 Pac. 49]; *Higgins* v. *Mahoney,* 50 Cal. 444; *Churchill* v. *Flournoy,* 127 Cal. 356, [50 Pac. 791].) The rule in respect to the preparation and settling of bills of exception is similar to that which prevails with reference to statements on appeal and on motion for new trial. (Hayne on New Trial and Appeal, sec. 145.)

Appellant attacks the finding of the court to the effect that the property described in the pleadings was not the separate estate of plaintiff, but the same was community estate of the husband and wife. The judgment does not purport to adjudicate or establish the character of the estate owned by the parties, or either of them. As no divorce was granted either party, there was no occasion for making findings touching their property rights. Had the court found the estate to be the separate property of plaintiff, as insisted upon by appellant, such fact could not affect the judgment rendered. Hence, conceding the finding not justified by the evidence, nevertheless, inasmuch as it was not necessary in support of the judgment, the error must be disregarded as immaterial.

In his answer to the cross-complaint plaintiff alleged that he had "urged defendant to return to his place of residence and reside with him and resume the relation of man and wife." The court found this allegation to be untrue. Appellant insists that such finding is not justified by the evidence. Conceding, as we do, that the law does not impose upon a husband the duty of supporting a wife who lives separate and apart from him against his will and consent, where on his part, and notwithstanding past offenses, he offers to fulfill the marriage contract and give her a home with him, such offer must be made in good faith, and the question of good faith is one of fact to be determined by the trial court. (*McMullin* v. *Mc-Mullin,* 123 Cal. 653, [56 Pac. 554].) From an examination of the evidence, as disclosed by the record, we cannot say that the trial court erred in concluding that there was a lack of good faith on the part of the plaintiff in making such offer. The action was instituted while plaintiff and defendant were

living together. There is no evidence that he offered to dismiss or discontinue the action instituted against defendant. We may suggest, however, that under the provisions of section 137, Civil Code, it is at any time within the power of the court, in its discretion, to vary, alter, or revoke the order awarding separate support and maintenance to the wife. We doubt not that upon a proper application for a modification or revocation of the order, accompanied by an offer on the part of the husband to furnish his wife with a suitable home within his means, and a proposal made in good faith to treat her with conjugal kindness, the court would lend its aid in effecting a reconciliation that would enable these parties during the short remaining years of life to continue not only in name, but in fact, the relation, with all that it implies, of husband and wife, entered upon fifty-five years ago.

The court found "that it was stipulated between counsel for the respective parties in open court, when application was made heretofore and before the trial of this cause for an allowance for attorneys' fees in behalf of defendant and cross-complainant, that the amount thereof should be fixed by the court at the time of the trial." Upon this finding the court adjudged "that defendant Lucinda Sheppard have and recover of the plaintiff the sum of $150, allowed as attorneys' fees." It is conceded that in the absence of such stipulation, the court was without authority to make such order after trial, for the reason that it was not necessary to enable the wife to prosecute or defend the action. (*Loveren* v. *Loveren,* 100 Cal. 493, [35 Pac. 87].) The bill of exceptions certified by the trial judge as being correct states that it contains all the evidence introduced at the trial, and "contains all the matters and things that occurred upon the trial of the same," but it is silent as to any evidence whatsoever in support of the finding upon which this order is based. Assuming that the finding might be construed as a recital by the court of a fact which, in the absence of evidence to the contrary, could be deemed *prima facie* proof of its existence, nevertheless, the bill of exceptions containing all that occurred at the trial, and disclosing an absence of anything touching the question, overcomes the presumption arising from such recital. Recognizing this fact, respondent has presented a transcript of proceedings, certified by the stenographic reporter as being correct,

from which it appears that respondent's attorney stated to the court that such stipulation had been made, and in reply to an inquiry of the court as to whether or not there was a record of such stipulation, replied: "Yes, sir; it was entered in the minutes of the court at that time." We are referred to no authority, statutory or otherwise, which would entitle this document to consideration as a part of the bill of exceptions, or for any purpose whatsoever. Conceding, however, that it is entitled to consideration, the only fact thereby established is that the attorney for respondent, it not being made to appear that appellant's counsel was present, stated that such stipulation had been made and entered in the minutes of the court. Neither the stipulation nor minute entry thereof was offered in evidence, and no proof was offered that such stipulation had been made. To be effective, a stipulation made by counsel must be evidenced by an agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise. (Code Civ. Proc., sec. 283.) Upon the suggestion of a diminution of the record, counsel for respondent has filed herein a certified copy of a minute entry made by the trial court, as follows: "Ordered that within thirty-five days plaintiff pay to defendant, to enable her to defend this action, the sum of fifty dollars, it being stipulated in open court that all other matters concerned in this application shall be considered at the trial hereof, and that any order proper in the judgment of the court shall then be made herein with same effect as though made at this time." Waiving all question of the irregularity of the mode of presenting evidence touching the question at issue, and considering the entry as though incorporated in the bill of exceptions, all that appears therefrom is that all other matters concerned in the application should be considered at the trial. What the other matters were, if any, is not made to appear. Nothing is disclosed by this minute entry which tends to show that the parties entered into any stipulation relating to attorneys' fees, or the postponement of the fixing of the same to the time of trial.

For the reasons given, it appears that the court·erred in adjudging that respondent should have and recover from appellant $150 as attorneys' fees. Inasmuch, however, as that portion of the judgment predicated upon this erroneous finding is clearly ascertainable, and the proceedings as disclosed

by the record are correct in other particulars, a new trial should not be ordered, provided such excess be remitted. (*Salstrom* v. *Orleans etc. Mining Co.*, 153 Cal. 551, [96 Pac. 292] ; *Curran* v. *Hubbard*, 14 Cal. App. 733, [114 Pac. 81].) It is, therefore, ordered that if respondent, within thirty days from the filing hereof, files with the clerk of this court her written consent that the judgment of the superior court be modified by striking therefrom the provision adjudging payment to her of said sum of $150 attorneys' fees, said judgment shall be and is modified accordingly, and the judgment affirmed. Otherwise, and in case respondent fails to file such consent in writing, the judgment is reversed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 12, 1911.