[Civ. No. 1172.   Second Appellate District.—July 25, 1912.]

## M. BLANCHE WICKLAND, Respondent, v. JOHN W. WICKLAND, Appellant.

[Civ. No. 1173.   Second Appellate District.—July 25, 1912.]

## M. BLANCHE WICKLAND, Respondent, v. JOHN W. WICKLAND, Appellant.

ACTIONS BY WIFE FOR DIVORCE AND FOR A SEPARATE DECREE ESTABLISHING SEPARATE PROPERTY AND CANCELING AGREEMENT—APPEAL—SUPPORT OF FINDINGS.—Where the appeal in No. 1172 is from a judgment rendered for the wife in an action for divorce, and in No. 1173 is from a decree in a separate action by the wife to have it decreed that certain property standing in the name of the husband was the separate property of the wife, purchased with her separate funds, and that the title was secured in his name under an agreement without consideration, and obtained by threats and duress, it is held that the evidence in the record is amply sufficient to sustain the findings for the plaintiff in both cases, and to establish the righteousness of the judgment rendered in favor of the plaintiff in each case.

ID.—MORTGAGES BY HUSBAND UPON PROPERTY—COMPENSATION PROPERLY REFUSED.—Where the husband had no interest in the property, the fact that he placed mortgages thereon for much less than its value for the benefit of the family does not entitle him to compensation upon the decreeing of the property to belong to her subject thereto, there being no reasonable possibility that any deficiency judgment would be rendered thereon against him, and there being nothing due to him thereon as against the wife by reason of his putting the mortgages on her property.

ID.—INTERLOCUTORY DECREE OF DIVORCE TO WIFE—ALLOWANCE OF COUNSEL FEES UNAUTHORIZED.—In an interlocutory decree of divorce granted to the wife, the court is not authorized to insert an allowance to her for attorneys' fees.

APPEALS from separate judgments of the Superior Court of Los Angeles County, and from separate orders denying a new trial.   George E. Church, Judge presiding.

The facts are stated in the opinion of the court.

Wilbur Bassett, for Appellant.

John M. York, and Hammack & Hammack, for Respondent.

ALLEN, P. J.—In both of these cases defendant appeals from the judgment rendered in plaintiff's favor, and from an order in each case denying a new trial. The first action was one for divorce and decree as to the separate character of certain property; the second was one to have such property standing in the name of defendant declared to be the separate property of plaintiff, and for the cancellation of a certain written agreement theretofore entered into between the parties with reference to a conveyance of said property. By stipulation, both of these appeals are to be heard and determined upon a single bill of exceptions.

The court in the divorce case found in favor of plaintiff, and found that defendant had threatened to kill plaintiff, had accused her of infidelity, which last accusation the court finds to have been without reason or cause, and that he had thereby inflicted upon plaintiff grievous mental suffering. The court further found that all of the property owned by both parties on the twenty-fourth day of March, 1910, was the sole and separate property of plaintiff; that on said date the defendant procured the signature of plaintiff to an agreement to convey all of this property to defendant, without any consideration and by duress and threats, and the court rendered its interlocutory decree granting plaintiff a divorce, with $100 attorneys' fees, and finding that all of the property described in that certain agreement appearing in the bill of exceptions was the separate property of plaintiff, and that defendant had no interest therein. The second action was an independent action to cancel a certain agreement set forth in the complaint, in which certain real and personal property was described, and for a judgment declaring all of the property therein described to be the separate property of plaintiff. Upon a trial of the action the court found that on the twenty-fourth day of March, 1910, defendant obtained plaintiff's signature to an agreement, which was of record, without consideration and by means of threats that unless she would sign such agreement defendant would defame her character. The court further found that all of said property was purchased with funds which were the separate property and estate of plaintiff; that defendant had no interest therein, and rendered judgment accordingly, canceling the deed and agreement.

There is evidence in the bill of exceptions tending to es-' tablish the following facts: That plaintiff and defendant intermarried in 1894; that seven children had been born of the marriage, three of whom were living; that all of the property possessed by the parties was the fruits of certain moneys inherited by plaintiff from her father's estate; that these moneys were employed in the purchase of certain real property described in the agreement and deed; that a portion, if not all, of this property was mortgaged, the mortgages, however, being for far less than the real value of the property; that defendant became jealous of plaintiff, accused her of infidelity, made threats against her, refused to contribute anything to her support, and demanded that the ranch property be put in his name for business reasons; that plaintiff was sick, and defendant promised that if she would sign the agreement he would execute an instrument exonerating her from all charges of infidelity; that she signed the agreement, conveyed the property to him, and he thereafter placed mortgages upon the property, part of which money was paid over to plaintiff and used by her in support and maintenance and for other legitimate purposes. Defendant had no interest in any of the property in controversy, except such as he acquired by plaintiff's conveyance, and there is evidence tending to show that this was never intended to be other than placing the same in his name for business reasons, upon the theory that he could better borrow money than plaintiff could, but nothing would indicate any intention to change the separate character of the property, unless it be certain expressions in the agreement, which agreement the court finds to have been procured by fraud and duress.

There is ample evidence in the record justifying every finding made by the court and establishing the righteousness of the judgment in both cases. There was no error in the court failing to make an order with reference to compensation as authorized by section 3408 of the Civil Code, for the reason that it affirmatively appears that there was nothing due him to place him in the condition in which he was at the time of the execution of the instruments. Any money obtained by him and paid out by him was obtained by mortgages upon the property, the amount of which mortgages was less than its value, and which property belonged to plaintiff and not to

defendant, and no personal liability attached to him, save for a deficiency judgment, a remote possibility of which is not suggested by the record. We see no abuse of discretion in the action of the court in refusing a compensatory order. The allowance for attorneys' fees was unauthorized. (*Lacey* v. *Lacey,* 108 Cal. 45, [40 Pac. 1056].)

We find no error in the record and see no merit in either appeal, except as to the allowance of attorneys' fees. The judgment in No. 1172 is modified by striking therefrom the allowance of $100 attorneys' fees. In all other respects the judgment and order in both cases are affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 24, 1912, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 23, 1912.