[Civ. No. 2246.  Third Appellate District.—June 8, 1921.]

## SUSIE B. STAMPFLI, Respondent, v. W. L. STAMPFLI, Appellant.

[1] DIVORCE—MATERIAL ALLEGATIONS—INSUFFICIENT FINDINGS.—In an action for divorce, findings "that all the material allegations of plaintiff's complaint are true" and "that all the material allegations of the answer of defendant except as herein otherwise found are untrue" are clearly insufficient as findings of fact and must be dismissed from consideration on appeal in determining the question whether the findings are sufficient to support the interlocutory decree.

[2] ID.—CONDONATION—EVIDENCE—PLEADING—FINDINGS.—In an action for divorce, if the evidence shows condonation, it is the duty of the court to find to that effect, even though condonation is not pleaded as a specific defense.

[3] ID.—ADMISSIONS IN ANSWER—PLEA OF JUSTIFICATION—FINDINGS. Where the defendant's answer expressly admits facts sufficient to constitute gross cruelty unless justified by the plaintiff's conduct, no findings as to those admitted facts are required, and general findings to the effect that the defendant's acts and conduct were without any just cause or reason or provocation, without finding

specially as to the facts alleged in justification, are sufficient on the plea of justification.

[4] ID.—RESIDENCE—SUFFICIENCY OF FINDINGS.—In an action for divorce, a finding "that plaintiff and defendant now are and for more than one year last past, preceding the commencement of this action, have been residents" of the county, is sufficient.

[5] ID.—ATTORNEY'S FEES—ALLOWANCE FOR PAST SERVICES.—In an action for divorce, the court is not authorized to allow attorney's fees for past services.

APPEAL from a judgment of the Superior Court of Plumas County. J. O. Moncur, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

L. H. Hughes for Appellant.

M. C. Kerr for Respondent.

FINCH, P. J.—The plaintiff was granted an interlocutory decree of divorce on the ground of extreme cruelty and the defendant appeals. The complaint alleges many specific acts of cruelty. The answer denies some of the alleged acts and pleads justification of those not denied. With his answer the defendant filed a cross-complaint charging the plaintiff with extreme cruelty and specifying several instances of improper conduct on her part with one Walter Stampfli, a cousin of the defendant, in support of said charges. The plaintiff answered the cross-complaint, denying the alleged improper conduct. Evidence was introduced by both parties in support of their respective allegations and denials. The testimony was of such character as to create a substantial conflict.

The findings of the court upon the charges and countercharges of cruelty are as follows: "That all the material allegations of plaintiff's complaint are true. That it is true that since the said marriage and for more than one year prior to the commencement of this action, the defendant has treated the plaintiff in a cruel and inhuman manner and that said defendant is subject to violent fits

5. Liability of husband for counsel fees incurred by wife, notes, 15 Ann. Cas. 21; Ann. Cas. 1917A, 689, 702.

of jealousy and anger, and while so angered, without any just cause or reason or provocation, has violently abused, insulted, and upbraided the plaintiff without any just or any cause, and has accused plaintiff falsely of intimacy with other men without any cause or foundation in fact; that defendant on many and divers occasions. has applied vile, obscene, and insulting epithets and names to plaintiff in the presence of their two minor children; that there is not sufficient evidence to establish any theft by said defendant and the court finds that there were no thefts as set forth in plaintiff's complaint; that such acts and conduct of defendant toward plaintiff has caused plaintiff grievous bodily injury; that plaintiff was guilty of misconduct with one Walter Stampfli, not amounting to adultery but that said conduct was condoned by defendant prior to the commencement of this action and was not repeated. . . . That all the material allegations of the answer of defendant except as herein otherwise found are untrue; that all of the material allegations set forth in the cross-complaint of defendant except as herein otherwise found are untrue; that it is not true that since the said marriage that plaintiff has treated defendant in a cruel and inhuman manner and has inflicted on defendant great and grievous mental suffering and anguish, and it is not true that any acts, conduct, and behavior of plaintiff caused defendant great mental anguish and suffering or has seriously impaired his health; that there was misconduct on the part of plaintiff but that the same has been fully condoned prior to the commencement of this action. That all the material allegations of the answer of plaintiff to defendant's cross-complaint except as herein otherwise found are true.''

The appellant contends that the findings are insufficient to support the interlocutory decree. **[1]** The findings ''that all the material allegations of plaintiff's complaint are true'' and ''that all the material allegations of the answer of defendant except as herein otherwise found are untrue'' are clearly insufficient as findings of fact and must be dismissed from consideration in determining the question under discussion. On appeal a party is entitled to contest the decision of the trial court that any particular fact in issue is material. Obviously this right would be denied an appellant if a finding that all ''material'' allega-

tions are true or untrue were held sufficient. There would be no means by which the appellate court could ascertain what facts the trial court held to be material. In the case of *Ladd* v. *Tully*, 51 Cal. 277, in passing upon the sufficiency of a similar finding it was said: "The finding is that all the 'material' facts stated in the complaint are true. But we have no means of determining what facts the court deemed 'material,' and have no information from the findings on this point. So loose a method of finding the facts cannot be tolerated, and would lead to the most serious perplexities." (See, also, *Krug* v. *F. A. Lux Brewing Co.*, 129 Cal. 323, [61 Pac. 1125].) "The general omnibus finding 'that all the *material* denials and averments of the answer to the complaint herein are true, and all the *material* averments of the amended complaint in intervention are true,' is insufficient for any purpose." (*Holt Mfg. Co.* v. *Collins*, 154 Cal. 276, [97 Pac. 520].)

The court did not make specific findings upon the particular facts alleged in the cross-complaint, but found generally "that plaintiff was guilty of misconduct with one Walter Stampfli, not amounting to adultery." The court further found that "said conduct was condoned by defendant prior to the commencement of this action and was not repeated." This further finding is supported by the evidence. The most serious acts of misconduct occurred, according to the defendant's testimony, on the evening of September 20, 1919. The defendant's testimony relative to subsequent events on the same evening is as follows: "I told her I would overlook it this time but I didn't want it to happen again. So after we had got into bed, she put her arms around my neck, and started to cry. She says, 'Dutch, you won't like me no more, will you?' I says, 'Yes, Suz, I will overlook it this time, but don't let me ever see it happen again.'" In response to questions propounded by the court the defendant testified that, after the occurrences of September 20th, he and the plaintiff continued to live together as husband and wife up to September 28th and "got along fine," "never had a word," and that there was no repetition of her conduct with Walter Stampfli. **[2]** The plaintiff did not plead condonation. In *Hunter* v. *Hunter*, 132 Cal. 476, [64 Pac. 773], it is said: "As condonation is a specific defense to an action

for divorce, it should be pleaded like any other defense. It is true that an action for divorce differs from an ordinary proceeding, in that a decree may not be rendered upon the admission of a party, or upon the uncorroborated evidence of either of the spouses. If, therefore, the evidence had shown condonation, it would have been the duty of the court, even without a pleading, to have found to that effect.'' Appellant urges that plaintiff failed to comply with the condition subsequent of treating the defendant with conjugal kindness, though admitting that there was no further act of improper conduct with Walter Stampfli. The evidence bearing upon the subsequent conduct of the plaintiff was conflicting, and the court's finding is therefore conclusive.

It is alleged in the complaint and admitted in the answer that in July, 1918, the defendant told the plaintiff that he was going to leave her and did leave their home with his suitcase; that he carried his suitcase around the town of Crescent Mills and told several persons that he was going away; that in September, 1919, the defendant, in the presence of their minor children and said Walter Stampfli, accused the plaintiff of having had sexual relations with said Stampfli. The defendant pleads justification of his conduct by alleging that at that time he had gone home and found the plaintiff and said Stampfli in a room together, ''caressing, embracing, and kissing each other.'' It is alleged that at the same time the defendant shoved the plaintiff in a violent manner. The defendant admits that he shoved the plaintiff out of the way in an endeavor to see said Walter Stampfli, who, he alleges, was hiding in the room. It is alleged and admitted that on that occasion the defendant looked for his rifle and pistol, but defendant denies that he threatened to use the same or to injure the plaintiff. It is further alleged and admitted that, on the 28th of September, 1919, the defendant accused the plaintiff, in the presence of her sister-in-law and the latter's minor children and within the hearing of a number of persons on the street, of having had sexual relations with said Walter Stampfli, and that he made the same charge against the plaintiff to her mother. The defendant attempts to justify his conduct by alleging that such statements were made in the heat of a quarrel provoked by the plaintiff

and which became violent on the part of both; that on that occasion the plaintiff had gone to the defendant's shop and "started to upbraid and criticise him and continued to upbraid him to such an extent that he finally referred" to the occurrences of September 20th involving plaintiff's conduct with said Stampfli. **[3]** The defendant's conduct, expressly admitted by him, is sufficient to constitute gross cruelty unless justified by the plaintiff's misconduct. No finding is required of an admitted fact. It only remained to find upon the plea of justification. The court found that the defendant's conduct was "without any just cause or reason or provocation"; "without any just or any cause"; that his accusations of infidelity were "without any cause or foundation in fact." Under the authorities these findings are sufficient. The plea of justification did not present any new issue, as the facts alleged could have been given in evidence under the denials of the answer and it was not necessary to find specially as to such facts. The court found the ultimate fact that there was no cause or provocation for the defendant's conduct. (*Terrill* v. *Terrill*, 109 Cal. 413, [42 Pac. 137]; *Howard* v. *Howard*, 134 Cal. 346, [66 Pac. 367]; *Kepfler* v. *Kepfler*, 134 Cal. 205, [66 Pac. 208].)

**[4]** Appellant contends that the findings do not show that the parties were residents of the county for one year preceding the commencement of the action, citing *Coleman* v. *Coleman*, 23 Cal. App. 424, [138 Pac. 363]. In that case the finding held insufficient recited that the parties "have been residents in said city and county and state for a period of more than *one year now last past.*" In this case the finding is "that plaintiff and defendant now are and for more than one year last past, *preceding the commencement of this action,* have been residents of the county of Plumas, state of California." The difference between the two findings is apparent.

Appellant objects to the findings as insufficient to support the allowance of thirty dollars a month for the support of the wife and fifteen dollars a month for the support of each of the two minor children. The court finds that said sums are reasonable sums to be paid for the support of the wife and children and that the defendant is an able-bodied man and able to earn sufficient to pay the

sums allowed. The plaintiff alleges in her complaint that the defendant is making in excess of $100 per month. The defendant does not deny this allegation but alleges that since the marriage of the parties he has been ''continuously'' employed at ''good wages.'' The finding is sufficient under the circumstances disclosed.

[5] The interlocutory decree awarded the plaintiff $150 as attorney's fees. The court is not authorized to allow attorney's fees for past services. (*Loveren* v. *Loveren,* 100 Cal. 494, [35 Pac. 87]; *Lacey* v. *Lacey,* 108 Cal. 46, [40 Pac. 1056]; *Wickland* v. *Wickland,* 19 Cal. App. 562, [126 Pac. 507]; *Sheppard* v. *Sheppard,* 15 Cal. App. 619, [115 Pac. 751].) The judgment is modified by striking therefrom the allowance of $150 attorney's fees, and as so modified is affirmed, neither party to recover costs of appeal.

Hart, J., and Burnett, J., concurred.