[S. F. No. 9611.  In Bank.—June 26, 1922.]

## HJALMAR A. JANSSON, etc., Appellant, v. NATIONAL STEAMSHIP COMPANY (a Corporation), Respondent.

[1] BILL OF EXCEPTIONS—SETTLEMENT—TIME.—When a bill of exceptions is once in the hands of the clerk for the judge or court, the law does not specifically declare the time within which the judge must act upon it.

[2] ID.—DELAY OF JUDGE—EFFECT OF.—Where a party moving for a new trial has in all respects complied with the law in the preparation, service, and presentation for settlement of his proposed bill of exceptions, the· delay of the judge in settling the bill cannot be attributed to him or his attorney, and he should not be made to suffer by reason thereof.

[3] ID.—LACHES—QUESTION FOR TRIAL COURT.—The question as to whether the moving party has been guilty of laches in securing a settlement of a statement on motion for a new trial is primarily a question for the trial court, and the appellate courts should not be called on originally to determine whether a movant has been derelict in securing with due diligence such settlement.

[4] ID.—WAIVER OF LACHES.—Where a valid objection might have been interposed to the settlement of a bill of exceptions on the ground of laches, the failure to urge the same must be deemed a waiver.

[5] ID.—REMEDY OF ADVERSE PARTY—PRESUMPTION ON APPEAL.— Where a party moving for a new trial is guilty of laches in securing a settlement of his bill of exceptions, the proper remedy of the adverse party is by application to the trial court to dismiss the motion for a new trial for want of prosecution, and where no such motion is made, it must be presumed by the appellate court that the time for settlement was ·properly extended.

[6] ID.—NOTICE OF TIME OF SETTLEMENT—PRESUMPTION ON APPEAL.— Where the action of the judge in settling a bill of exceptions is attacked upon the ground that the adverse party was not notified by the clerk of the time designated by the judge for such settlement, and there is nothing in the record indicating that such notice was not given, such absence justifies the presumption that it was either given or waived.

[7] ID.—MOTION FOR NEW TRIAL—HEARING BEFORE SETTLEMENT OF BILL OF EXCEPTIONS—EFFECT OF.—Where a bill of exceptions had been approved and was on file at the date of the making of the order for a new trial, the hearing of the motion before the settlement of the bill at most was a .mere irregularity, and in no way

injurious to the adverse party, the issue being perfectly understood both by counsel and the court as to the grounds of the motion.

[8] NEGLIGENCE—WANT OF CONFLICT IN EVIDENCE—QUESTION OF FACT. Negligence is a question of fact for the jury even where there is no conflict in the evidence, as reasonable men might differ as to whether or not the facts constituted negligence.

[9] ID.—INSTRUCTIONS—FACTS CONSTITUTING NEGLIGENCE.—The fact that a party has the right to have his theory of the case presented to the jury in the form of an instruction, provided there is evidence to support it, does not justify a court in giving instructions that certain facts constitute negligence where different conclusions can be rationally drawn from the evidence.

[10] NEW TRIAL—INSTRUCTIONS—FAILURE TO OBJECT—EFFECT OF.— Instruction improperly given, although not objected to, constitutes an error at law which can be made the ground for a new trial under subdivision 7 of section 657 of the Code of Civil Procedure and reviewed from the order granting the motion.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. John L. Hudner, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

W. C. Cavitt for Appellant.

Chickering & Gregory for Respondent.

SHURTLEFF, J.—This is an action for damages for personal injuries alleged to have been sustained by plaintiff. The jury returned a verdict in favor of plaintiff, upon which verdict a judgment was entered; thereafter defendant moved for a new trial, which was granted, and it is from such order that this appeal is prosecuted.

The facts are as follows: On the date of the accident resulting in the injury complained of, plaintiff was in the employ of the defendant as a member of the crew of a steamer which was discharging a cargo of lumber at the Army Street wharf, in San Francisco. When unloading, it was the duty of plaintiff to make up piles of lumber from such cargo. These piles were made up on deck in a wire sling, which sling plaintiff would attach to a hook suspended from the gaff of the vessel, and it would then be hoisted by a steam winch above the deck and clear of the

vessel, and ashore.  Attached to the gaff was a guy-rope, by which the gaff could be stopped at the proper place and the contents of the sling unloaded, and thereafter "dragged" back aboard ship.  At the time of the accident the crew of the steamer had just finished their accustomed 3 o'clock coffee and were returning to their work of unloading the vessel, which work had been temporarily suspended.  Plaintiff was near the rail on the inshore or starboard side of the steamer.  A sling-load of lumber, which had been prepared by other members of the crew on the port side of the vessel, was hoisted over the plaintiff's head.  The guy-rope, usually in charge of the second officer, had been attached to a cleat on what is termed a "sampson post" at the time he left to have his coffee, and he had not returned to his post when the sling in question was lifted from the deck of the steamer.  The sling-load of lumber was stopped in its course inshore by reason of the guy-rope being thus fastened to the cleat, with the result that two heavy planks slipped from the sling and fell to the deck, striking and breaking plaintiff's leg.

In due time, after the entry of judgment, the defendant moved for a new trial upon several grounds, but those relied upon were: (1) "Insufficiency of the evidence to justify the verdict.  (2) The verdict is against law.  (3) Errors in law occurring at the trial, and excepted to by the defendant."  The motion also stated that said grounds specified "will be made upon a statement of the case to be hereafter prepared, served and allowed, settled and filed as is provided by law."  Plaintiff presents the preliminary objections that no statement on motion for new trial had been prepared, settled, and' filed at the time the motion for a new trial was heard by the trial court, and that the statement subsequently settled and filed was of no legal efficacy because, at the time it was so settled and filed, due to the laches of defendant, the court was without jurisdiction to settle the same.  We think, however, that the record establishes that each of these contentions is lacking in merit.

There is no claim that defendant's notice of intention to move for a new trial was not served in time.  Section 650 of the Code of Civil Procedure, when the proceedings under review were initiated, provided, and in that respect it was not changed by the amendment of 1915, that a party

desiring a bill of exceptions could at any time, within "ten days after the entry of judgment, if the action was tried with a jury, . . . or such further time as the court in which the action is pending, or a judge thereof, may allow, prepare the draft of a bill, and serve the same, or a copy thereof, upon the adverse party." (Stats. 1911, p. 400; Stats. 1915, p. 207.) The record discloses that the defendant's time to serve its proposed bill of exceptions was properly extended to March 29, 1915, and that a copy thereof was served upon plaintiff prior to the expiration of such extension; that thereafter, on April 30, 1915, plaintiff served on defendant a copy of his proposed amendments to defendant's proposed bill; that on May 8, 1915, and within time, defendant notified plaintiff that it rejected the latter's amendments, and that on said day the proposed bill and amendments were presented to the court for settlement. It therefore definitely appears that the defendant in all respects complied with the law in the preparation, service, and presentation for settlement of his proposed bill of exceptions. [1] When once in the hands of the clerk for the judge or court, the law does not specifically declare the time within which the judge must act upon it. [2] The delay of the judge, if any, in settling the bill of exceptions, cannot, under circumstances such as are present here, be attributed to the moving party or his attorney, and he should not be made to suffer by reason thereof. It is the duty of the moving party to present the proposed bill and amendments (*Lee Doon* v. *Tesh,* 131 Cal. 406–409 [63 Pac. 764]), and that is exactly what was done here. [3] Moreover, as said by the district court of appeal, from which this case was transferred to this court, in its opinion (35 Cal. App. Dec. 883, 884) affirming the order appealed from, and which language we adopt as a correct expression of the rule: "The question as to whether the moving party has been guilty of laches in securing a settlement of a statement on motion for a new trial is primarily a question for the trial court. Appellate courts should not be called on originally to determine whether a movant has been derelict in securing with due diligence such settlement (*Curtin* v. *Ingle,* 155 Cal. 53 [99 Pac. 480]). Here there is nothing in the record to show that any objection was ever made in the court below to the settlement of the bill on this

ground. [4] Even if a valid objection might have been interposed, the failure to urge the same must be deemed a waiver (*Sheppard* v. *Sheppard,* 15 Cal. App. 614 [115 Pac. 751]). [5] Plaintiff's proper remedy, if defendant was guilty of laches, was by application to the trial court to dismiss the motion for a new trial for want of prosecution. No such motion having been made, it must be presumed by this court that the time for settlement was properly extended (*Churchill* v. *Flournoy,* 127 Cal. 355 [59 Pac. 971])." We find no merit in plaintiff's claim that defendant was guilty of laches. [6] Equally untenable is the contention that the bill of exceptions was never settled, allowed, and approved as required by law. The record recites that this was done on June 7, 1917, but plaintiff attacks such action of the judge upon the ground that he, plaintiff, was not notified by the clerk of the time designated by the judge for the settlement of the bill. We find nothing in the record indicating that such notice was *not* given, and such absence justifies the presumption that it was either given or waived.

It is true that the bill of exceptions recites that the plaintiff objected to its settlement, or the settlement or allowance of "any statement on motion for new trial," but the enumerated objections do not include the one now relied upon by plaintiff, namely, want of notice of the date upon which the judge would settle the bill. The record is silent concerning the nature or contents of plaintiff's proposed amendments; nowhere therein are they set forth; so far as appears, all of them may have been allowed and incorporated in the bill; we have no means of determining from the record that such is not the fact.

[7] Plaintiff makes the further objection to the order under review that the motion resulting in the same was heard before the bill of exceptions was settled. But inasmuch as the bill had been approved and was on file at the date of the making of the order, such hearing at most was a mere irregularity and in no way injurious to plaintiff. As said by the appellate court in its opinion already alluded to (35 Cal. App. Dec. 884), "the issue was perfectly understood both by counsel and the court as to the grounds of the motion." The error of law occurring at the trial mainly relied upon by defendant consists of the giving

of three instructions, which it contends, and the learned judge of the trial court declared, were erroneous and prejudicial. It is unnecessary to state these instructions in their entirety. They were in substance and effect that if the jury found the facts, as previously stated herein, and which were practically without contradiction, to be true, their verdict should be for the plaintiff. Referring to these instructions, the trial judge, after stating that he was relrctant to give them, correctly said: "If they do not expressly hold and direct that the certain acts of defendant therein detailed constitute negligence, they certainly do so by necessary implication. Whether these acts did constitute negligence was the very question involved in the case, and that was for the jury to pass upon. The instructions, by characterizing as negligence the acts mentioned, took from the jury that question." [8] Quoting again from the opinion of the appellate court, which we also adopt as a correct statement of the law and its application to the facts appearing here: "It has been frequently declared by the appellate courts of this state that negligence is a question of fact for the jury even where there is no conflict in the evidence, as reasonable men might differ as to whether or not the facts constituted negligence. (*Wahlgren* v. *Market St. Ry. Co.*, 132 Cal. 656 [62 Pac. 308]; *Carlson* v. *Cucamonga Water Co.*, 7 Cal. App. 382 [94 Pac. 399]; *Burr* v. *United Railroads*, 163 Cal. 663 [126 Pac. 813]; *Kimic* v. *San Jose etc. Ry. Co.*, 156 Cal. 379 [104 Pac. 986].) Appellants seek to uphold the giving of the instructions upon the ground that they set forth his theory of the case. [9] The fact that he had the right to have his theory of the case presented to the jury in the form of an instruction, provided there is evidence to support it, does not justify a court in giving instructions that certain facts constitute negligence where, as here, different conclusions can be rationally drawn from the evidence."

[10] While we express no opinion one way or the other touching the fact, yet it must be conceded that even though the evidence is substantially without conflict, reasonable men might differ as to whether or not it showed the plaintiff was himself guilty of contributory negligence, which was one of the issues raised by the answer. Plaintiff makes the point that defendant having failed to object to said in-

structions was precluded from doing so on motion for a new trial. The Code of Civil Procedure (sec. 647) provides that "giving an instruction, although no objection to such instruction was made, . . . (is) deemed to have been excepted to." If the instructions in question were improperly given, it constituted an error at law which could be made, as it is here, the ground for a new trial (Code Civ. Proc., subd. 7, sec. 657), and reviewed by this court upon an appeal from the order granting the same.

The order is affirmed.

Lennon, J., Sloane, J., Wilbur, J., Lawlor, J., and Shaw, C. J., concurred.