[Civ. No. 5047.   Second Appellate District, Division Two.—December 5, 1928.]

NETTIE M. BURDICK, Respondent, v. CHARLES M. BURDICK, Appellant.

Walter C. Davison for Appellant.

Loyal C. Kelley for Respondent.

CRAIG, J.—A suit for divorce was instituted by the respondent herein, the appellant served and filed an answer and cross-complaint, and respondent answered the pleading last mentioned. The complaint alleged nonsupport and desertion, the existence of community property in Riverside County, and that $250 was a reasonable fee for an attorney whom the plaintiff was compelled to employ in order to present her action. She prayed judgment dissolving the bonds of matrimony, all of the realty constituting the community property, attorney's fees in said amount, and temporary alimony and permanent maintenance, together with costs incurred. The answer denied all of the material allegations of the complaint, except the marriage, alleging desertion upon the part of the plaintiff, and in the cross-complaint alleged desertion and adultery of the cross-defendant, and prayed a dissolution of the marital bonds. It appears from the pleadings of the parties that they were married in the state of Kansas. It is alleged by the plaintiff and respondent that they separated in the county of Riverside more than twelve years previously to her suit for divorce, and that she was at the time of filing her complaint employed. The defendant and appellant admits the time and place of marriage, but denies that they separated in California, averring that he came to California and attempted to persuade his wife to return to Kansas with him, which she refused to do, and that he had sent her money from that state. The trial court found that the plaintiff was a resident of California, and that the defendant resided in the state of Kansas; that they intermarried in 1901, and separated on July 29, 1921, at Riverside, California; that the defendant had deserted the plaintiff, and that she was without means to prosecute the action, and had employed an attorney, the reasonable fees of whom were $250; that the plaintiff was not guilty of desertion nor adultery. It was also found that the plaintiff and defendant had acquired community property consisting of certain described realty in Riverside County. An interlocutory decree was granted the plaintiff, and she was therein

awarded all of the community property, $250 attorney's fees, and costs but the defendant was by the conclusions of law and judgment adjudged entitled to and given judgment for the sum of $425 as a condition to vesting in the plaintiff title to the real property. The defendant and cross-complainant appealed from the whole judgment upon the judgment-roll, by a bill of exceptions, and filed an opening brief, to which the respondent made no response.

As already observed, although the trial court found that there was community property, it awarded the whole to the plaintiff, conditioned upon the payment by her to the defendant of the sum of $425, and allowed her attorney's fees. But it does not appear that the plaintiff and respondent at any time made a motion for alimony or attorney's fees, or that the defendant was afforded an opportunity to be heard, nor did the plaintiff allege the defendant's then place of residence, or that it was impossible to obtain personal service of process upon him within the jurisdiction of the Riverside superior court: In *Stampfli* v. *Stampfli*, 53 Cal. App. 126 [199 Pac. 829], it was said: "The interlocutory decree awarded the plaintiff $150 as attorney's fees. The court is not authorized to allow attorney's fees for past services. (*Loveren* v. *Loveren*, 100 Cal. 494 [35 Pac. 87]; *Lacey* v. *Lacey*, 108 Cal. 46 [40 Pac. 1056]; *Wickland* v. *Wickland*, 19 Cal. App. 562 [126 Pac. 507]; *Sheppard* v. *Sheppard*, 15 Cal. App. 619 [115 Pac. 751].) The judgment is modified by striking therefrom the allowance of $150 attorney's fees, and, as so modified, neither party to recover costs of appeal."

That the allowance in controversy was unauthorized, is too well settled to warrant further discussion or citation of authority.

Section 146, subdivision 2, of the Civil Code, provides that "If the decree be rendered on any other ground than that of adultery or extreme cruelty, the community property shall be equally divided between the parties." The decree in the instant case was not rendered upon either of these grounds, nor was adultery or extreme cruelty charged in the respondent's complaint. Section 148 of the Civil Code authorizes a revision, without reversal of the whole judgment, of the part of a decree which disposes of the community property, upon appeal. In *Reid* v. *Reid,*

112 Cal. 274 [44 Pac. 564], and numerous other cases, such procedure was followed.

It is, therefore, ordered that all of the judgment appealed from granting a decree of divorce, commencing with the first word thereof, to and including the words "permitting either of them to re-marry after such entry of final judgment," be and the same is hereby affirmed. It is further ordered that all of said judgment which disposes of the community property and property rights of the parties, and awards attorney's fees, and orders, adjudges, and decrees that respondent pay to the appellant the sum of $425, which includes all of said judgment from the words herein quoted down to and including the amount of $425, be and the same is hereby reversed; and the trial court is directed to enter a decree equally dividing the community property between the parties.

Works, P. J., and Thompson (Ira F.), J., concurred.