[Civ. No. 3733.  Third Appellate District.—February 14, 1929.]

HOMER H. WHITE, Appellant, v. HENRIETTA WHITE, Respondent.

E. C. Jennings for Appellant.

Eugene A. Tucker for Respondent.

PLUMMER, J.—This is an appeal by the plaintiff from that portion of an interlocutory decree of divorce awarding the respondent counsel fees and alimony upon her cross-complaint. The interlocutory decree granted the respondent a divorce, alimony, and counsel fees in the sum of $100. The record shows that no counsel fees were asked for during the pendency of the trial, and not until after the termination thereof, when the court in its findings found that $100 was a reasonable amount to be paid by the plaintiff to the defendant as and for her counsel fees, and the same was

written into the interlocutory decree of divorce. So far as the award of alimony or maintenance is concerned, we will pass that by with the simple statement that the court had jurisdiction to award the same. As to the allowance of counsel fees, the respondent relies upon the case of *Newlands* v. *Superior Court*, 171 Cal. 741 [154 Pac. 829]. The facts set out in the opinion in that case show, however, that it is wholly inapplicable to the case at bar. In the Newlands case a stipulation was entered into to the effect that the court might, upon final determination of the cause, fix the amount of attorney's fees. ■ In the case at bar, as we have said, no application was made during the pendency of the action, and the allowance appears to have been made after the services were rendered. In such cases it has been uniformly held that the court has no jurisdiction to grant attorney's fees. In other words, that the court has no jurisdiction to make an allowance for attorney's fees after the services have been rendered. (*Lacy* v. *Lacy*, 108 Cal. 45 [40 Pac. 1056]; *Stampfli* v. *Stampfli*, 53 Cal. App. 126 [199 Pac. 829]; *Loveren* v. *Loveren*, 100 Cal. 494 [35 Pac. 87]; *Wickland* v. *Wickland*, 19 Cal. App. 562 [126 Pac. 507]; *Sheppard* v. *Sheppard*, 15 Cal. App. 619 [115 Pac. 751]; *Smith* v. *Superior Court*, 89 Cal. App. 177 [264 Pac. 573].) The question presented in the case at bar relative to attorney's fees is precisely similar to the question passed upon by this court in *Stampfli* v. *Stampfli, supra.*

The judgment of the trial court is modified by striking therefrom the allowance of $100 as and for attorney's fees. In other respects the judgment is affirmed. Costs awarded the respondent.

Finch, P. J., and Thompson (R. L.), J., concurred.